**Walter G. FINCH, Plaintiff-Appellant,**

v.

**HUGHES AIRCRAFT COMPANY, Defendant-Appellee.**

No. 90-1473.

United States Court of Appeals, Federal Circuit.

Feb. 27, 1991.

appellee. With him on the brief was Lawrence J. Gotts. Also on the brief were John Donofrio, Kirkland & Ellis, New York City, and William A. Streff, Jr., Kirkland & Ellis, Chicago, Ill., of counsel.

Before MARKEY, MAYER, and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

Walter G. Finch appeals the order of the United States District Court for the District of Maryland dismissing his lawsuit against Hughes Aircraft Company. *Finch v. Hughes Aircraft Co.*, Civil No. 89–3281 (D.Md. May 3, 1990). Because Finch failed to oppose Hughes' motion to dismiss, and because the district court in any event correctly concluded that the complaint was duplicative and also that each and every claim in it was barred by res judicata because it was or could have been raised in Finch's several earlier lawsuits against Hughes, we affirm. Moreover, because Finch had no arguable basis in fact or in law for filing his appeal and has made numerous arguments in support of it that are similarly without any basis, we grant Hughes' request for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and require Finch to pay Hughes double its costs.

## BACKGROUND

The dismissal which is the subject of this appeal continues a history of over twelve years of litigation by Walter Finch against Hughes Aircraft Company. The series of six lawsuits and cross-claims began in 1978, when Finch brought suit against Hughes in Maryland's Circuit Court for Baltimore City alleging fraud and breach of contract concerning a 1967 patent license agreement between the parties. The case was later consolidated with another that Finch filed in 1980 in the Superior Court for Baltimore City, and after a trial, judgment was entered in favor of Hughes on all of Finch's claims, as well as on Hughes' counterclaim against Finch for fraud. The judgment was affirmed on appeal. *Finch v. Hughes Aircraft Co.*, 57 Md.App. 190, 469 A.2d

Ruth Mae Finch, Baltimore, Md., argued for plaintiff-appellant. Walter G. Finch, Baltimore, Md., filed brief pro se.

Stanley A. Schlitter, Kirkland & Ellis, Washington, D.C., argued for defendant-

867, *cert. denied,* 300 Md. 88, 475 A.2d 1200 (1984), *cert. denied,* 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 *reh'g denied,* 471 U.S. 1049, 105 S.Ct. 2043, 85 L.Ed.2d 341 (1985).

In 1980, during the pendency of that state court action in Maryland, Finch filed a five-count cross-claim against Hughes, his co-defendant in a federal action, Civil No. 79–2236, by Messerschmitt–Bolkow–Blohm GmbH against Hughes, Finch and other defendants, in the District of Maryland. Finch's cross-claim concerned the same patents and license agreement that were the subject of the state court litigation, and alleged (1) patent infringement, (2) fraud and unfair competition, (3) breach of contract, (4) antitrust violations, and (5) tortious damage to the validity of certain patents. Despite his pending state action and this federal cross-claim, Finch also filed a separate complaint, Civil No. 80–0055, in the same district court, asserting five claims identical to those in his cross-claim in No. 79–2236. The two federal cases were assigned to the same judge. All the counts Finch alleged against Hughes in both the complaint and the cross-claim [1] were disposed of by summary judgment for Hughes. *Finch, et al. v. Hughes Aircraft Co.,* Civil No. 80–0055 (D.Md. October 9, 1986) (dismissing Count IV in 1980 complaint); *Messerschmitt–Bolkow–Blohm GmbH v. Hughes Aircraft Co., et al.,* Civil No. 79–2236, *Finch, et al. v. Hughes Aircraft Co.,* Civil No. 80–0055 (D.Md. January 21, 1986) (single opinion and order dismissing Counts I, II, III, and V in both complaint and cross-claim). Finch did not appeal.

In 1989 Finch once again attempted to assert a cross-claim against Hughes in Civil No. 79–2236, the still-pending Messerschmitt–Hughes litigation. Counts II through VI of the six-count cross-claim were substantially identical to counts II

through V and I, respectively, of the 1980 cross-claim in No. 79–2236 and the separate 1980 complaint, No. 80–0055. The only different claim was Count I, which requested a declaratory judgment of patent invalidity. Four months later, while Finch's motion for leave to file his cross-claim in No. 79–2236 was pending, Finch filed a separate complaint against Hughes in the same court, Civil No. 89–3281, substantially identical to his proffered cross-claim. Hughes opposed Finch's motion to amend his answer in the Messerschmitt case (No. 79–2236) to assert the cross-claim, and in the new action (No. 89–3281) Hughes moved for a dismissal of the complaint. Finch did not oppose the motion to dismiss. The district court denied Finch leave to amend the answer to assert this cross-claim, and granted Hughes' unopposed motion to dismiss the new complaint, holding that the complaint was duplicative of the proffered cross-claim and that each count was barred by res judicata because it was or could have been asserted on at least one prior complaint or cross-claim that had become final. *Messerschmitt–Bolkow–Blohm GmbH v. Hughes Aircraft Co., et al.,* Civil No. 79–2236, *Finch v. Hughes Aircraft Co.,* Civil No. 89–3281 (D.Md. May 3, 1990) (single opinion, with separate orders disposing of new cross-claim and new complaint). Finch appeals only the dismissal of the complaint in Civil No. 89–3281.

## DISCUSSION

### I

█ As noted, Finch did not oppose Hughes' motion to dismiss his complaint. He now argues, for the first time, that this dismissal was improper. It is well-settled that, absent exceptional circumstances, a party cannot raise on appeal legal issues not raised and considered in the trial fo-

---

1. The district court in its opinion in this case, *Finch v. Hughes Aircraft Co.,* Civil No. 89–3281, slip op. at 4 (D.Md. May 3, 1990), states that summary judgment was granted in favor of Hughes as to Count IV of both the complaint *and* the cross-claim on October 9, 1986. Yet the only October 9 order submitted in the Joint Appendix with this appeal pertains to the com-

plaint alone. Presumably, a separate order exists as to the cross-claim. In any event, as we explain below, the complaint alone is a sufficient basis for res judicata, so whether or not Count IV of the cross-claim was also dismissed is ultimately immaterial to the district court's analysis, and to our holding, in this case.

rum. *E.g., Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 38–39, 33 S.Ct. 202, 208, 57 L.Ed. 393 (1913); *Fruin–Colnon Corp. v. U.S.*, 912 F.2d 1426, 1429 (Fed.Cir. 1990); *United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir.1976). Since he failed to oppose the motion to dismiss, *all* of Finch's arguments against the dismissal are now being raised on appeal for the first time in this case. *See Federal Deposit Ins. Corp. v. Bennett*, 898 F.2d 477, 479 (5th Cir.1990) (failure to oppose motions to amend complaint and for partial summary judgment precludes contesting them on appeal). Nor has Finch offered any information that might excuse his default. The district court addressed the merits of Hughes' motion to dismiss and did not rely on a theory of waiver in granting the motion, but that does not preclude our doing so. We hold that by failing to oppose Hughes' motion to dismiss, Finch has forfeited his right to contest the dismissal on any ground he could have raised below, and accordingly, we affirm.

■ Moreover, we note (because it is relevant to the sanctions issue we discuss below) that even were we to reach the merits of his appeal, Finch would have no chance of prevailing. The district court based its ruling on two independently sufficient grounds for dismissal of the complaint. First, the court held that because Finch filed identical complaints in separate pending actions—first the proffered cross-claim in the Messerschmitt litigation (No. 79–2236) and later the separate complaint (No. 89–3281), now on appeal—the separate complaint should be dismissed. A trial court has discretion to dismiss a complaint which simply duplicates another pending related action. *See, e.g., Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) (Where "a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (citations omitted) (emphasis in original); *Washing-*

*ton Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C.Cir.1980) (judge "acted within his discretion" in dismissing one of two identical cases). Finch, however, has not demonstrated that the district judge erred, much less abused his discretion, in dismissing Finch's complaint as duplicative, and so the judgment must be affirmed.

■ The second independent basis for the district court's dismissal is that each and every count of the dismissed complaint is barred by res judicata. Counts II through VI of the complaint (No. 89–3281) involve exactly the claims that had been litigated to a final judgment in the 1980 complaint (No. 80–0055) when summary judgment was granted in favor of Hughes and Finch failed to appeal. That res judicata precludes relitigation of such claims is too plain for argument.[2] *See, e.g., Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Count I of the complaint arises out of substantially the same subject matter as the 1980 complaint (i.e., the same patents), and thus is barred by res judicata because it *could* have been, but was not, raised in the 1980 complaint. *E.g., Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); *Watkins v. M & M Tank Lines, Inc.*, 694 F.2d 309, 311 (4th Cir.1982) ("[R]es judicata precludes not only the relitigation of issues that were actually decided but also issues which could have been presented for determination."). As we discuss below, Finch's arguments against application of res judicata are frivolous, and the judgment of dismissal must be affirmed on this ground as well.

## II

Having determined that the judgment appealed from must be affirmed because of

---

**2.** These counts are in fact doubly barred, since identical claims had been dismissed on summary judgment not only in the 1980 complaint, but also in the 1980 cross-claim. Moreover, Counts II, III and V of the complaint on appeal were also litigated to a final judgment and unsuccessfully appealed by Finch in the Maryland state court action, and thus are thrice barred by res judicata.

waiver, duplicativeness and res judicata, we turn to Hughes' request for sanctions.

Since *Asberry v. U.S. Postal Service*, 692 F.2d 1378, 1382, 215 USPQ 921, 921 (Fed. Cir.1982), in our very first year of existence, this court has demonstrated its willingness to impose sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." On the basis of the briefs and record on appeal, we have determined that Finch's appeal is frivolous, and accordingly award Hughes double its costs. We do not also award attorney fees only because of the particular facts of this case, in which Finch proceeded pro se.[3]

■ Access to the appellate courts is an important value in our system of justice. In determining whether or not an appeal is frivolous, however, an appellate court must be mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants. An appeal having a small chance for success is not for that reason alone frivolous, *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983), and a questionable appeal may simply be due to the overzealousness or inexperience of counsel. *Beghin–Say Int'l, Inc. v. Rasmussen*, 733 F.2d 1568, 1573, 221 USPQ 1121, 1125 (Fed.Cir. 1984) ("There are ... differences between excessive advocacy and inexperience on the one hand and clear frivolity on the other."). The line between the tenuously arguable and the frivolous can be an uncertain one, and sanctions should not be imposed so freely as to make parties with legitimately appealable issues hesitant to come before an appellate court. *See, e.g., Stelly v. Commissioner*, 761 F.2d 1113, 1116 (5th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985).

■ At the same time, appellate courts must consider the importance of conserving scarce judicial resources. A frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals. *Pac–Tec, Inc. v. Amerace Corp.*, 903 F.2d 796, 804, 14 USPQ2d 1871, 1879 (Fed.Cir. 1990); *Mathis v. Spears*, 857 F.2d 749, 761, 8 USPQ2d 1551, 1561 (Fed.Cir.1988). The diversion of resources in our considering a frivolous appeal, "on the possibility that a non-frivolous contention might have been found lurking," delays access to the court by deserving litigants. *Bowen v. Department of Transp., FAA*, 769 F.2d 753, 756 (Fed.Cir.1985). *See also Beachboard v. United States*, 727 F.2d 1092, 1095 (Fed. Cir.1984) (imposing Rule 38 sanctions where appellant "is engaged on this appeal in 'recreational' litigation, misusing precious and limited resources better spent on meritorious claims of his fellow citizens to whom those resources belong"). Sanctions under Rule 38 thus perform two vital functions: They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration. *Pac–Tec*, 903 F.2d at 804; *Sun–Tek Indus. v. Kennedy Sky–Lites*, 865 F.2d 1254, 1255, 9 USPQ2d 1574, 1575 (Fed.Cir.1989).

■ Logically, an appeal can be deemed frivolous in two distinct ways, *either* of which alone would support sanctions. In

---

**3.** The matter of who is represented in this case is somewhat confused. Finch proceeded pro se on briefs, which he signed personally, but oral argument was presented by his daughter, who, like Finch, is an attorney. (Indeed, a letter sent to this court after oral argument suggests that the two are law partners: The letterhead states "Ruth Mae Finch/Counsellor at Law," listing an office address in Baltimore, and at the side, "Ruth Mae Finch/Walter G. Finch.") Normally a party electing to proceed pro se cannot appear through counsel at oral argument. Ms. Finch, however, was allowed to argue on her father's behalf without distinguishing between her office as an attorney and her status as a daughter with a potential financial stake in the outcome of the case. For her part Ms. Finch apparently is under the impression that she represents not only her father but also other unnamed appellants—her aforementioned letter to the court is headed "Re: Finch et al [sic] v. Hughes" and is signed "Ruth Mae Finch, Attorney for Appellants" [sic], though the only appellant of record is Walter G. Finch.

the first, the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue. In such a case, we have held, the very filing of an appeal is frivolous and justifies the imposition of Rule 38 sanctions. *See, e.g., In re Perry,* 918 F.2d 931, 935 (Fed.Cir.1990) ("When an appeal is a 'complete loser,' most of which is 'patently groundless,' sanctions should be imposed under Rule 38.") (citing *Hill v. Norfolk & W. Ry. Co.,* 814 F.2d 1192, 1200 (7th Cir. 1987)); *Octocom Systems, Inc. v. Houston Computer Servs., Inc.,* 918 F.2d 937, 943 (Fed.Cir.1990) ("'[A]n appeal is frivolous where 'no basis for reversal in law or fact can be or is even arguably shown.'") (quoting *Connell v. Sears,* 772 F.2d at 1554); *Bowen,* 769 F.2d at 755 (the briefs "not only ignore [controlling precedent] but fail to cite any authority whatsoever in support of the notion that the issue presented is a proper or reasonable basis for these petitions." (Footnote omitted)); *Synan v. Merit Systems Protection Bd.,* 765 F.2d 1099, 1102 (Fed.Cir.1985) ("This appeal was frivolous because there was no possible basis for reversing the board's decision."). Our precedent is similar to that of our sister circuits, which have adjudged frivolity where, for example, appeals "lacked any support in law or the record," *Chalfy v. Turoff,* 804 F.2d 20, 23 (2d Cir.1986), were "contrary to established law and unsupported by a reasoned, colorable argument for change in the law," *Coleman v. Commissioner,* 791 F.2d 68, 71 (7th Cir.1986), or were "brought without the slightest chance of success," *Bankers Trust Co. v. Publicker Indus.,* 641 F.2d 1361, 1367 (2d Cir.1981).

■ In the second type of frivolity, while genuinely appealable issues *may* exist, the appellant's contentions in prosecuting the appeal are frivolous. The sorts of post-filing conduct that this and other circuit courts have determined to be frivolous under Rule 38 include:

- submitting rambling briefs that make no attempt to address the elements requisite to obtaining reversal, *Olympia Co.*

*v. Celotex Corp.,* 771 F.2d 888, 893 (5th Cir.1985);

- filing numerous documents containing irrelevant arguments and authority, *Limerick v. Greenwald,* 749 F.2d 97, 101 (1st Cir.1984);

- seeking to relitigate issues already adjudicated, *International Ass'n of Machinists & Aerospace Workers v. Boeing Co.,* 833 F.2d 165, 172 (9th Cir.1987), *cert. denied,* 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988); *Trecker v. Scag,* 747 F.2d 1176, 1180 (7th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2140, 85 L.Ed.2d 498 (1985);

- failing to explain how the lower tribunal erred or to present clear or cogent arguments for overturning the decision below, *Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d 1247, 1256, 16 USPQ2d 1347, 1354 (Fed.Cir.1990); *Spiegel v. Continental Illinois Nat'l Bank,* 790 F.2d 638, 650 (7th Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986);

- failing to exclude from the appeal individual opponents as to whom there is no basis for appeal, *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir. 1981);

- rearguing frivolous positions for which sanctions had already been imposed in the trial forum, *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1052 (9th Cir.1985);

- citation of inapplicable or irrelevant authorities, *Laitram Corp. v. Cambridge Wire Cloth Co.,* 919 F.2d 1579, 1583, 16 USPQ2d 1929, 1933 (Fed.Cir. 1990);

- misrepresenting facts or law to the court, *Laitram,* 919 F.2d at 1583, 16 USPQ2d at 1933 (briefs included statements of fact not supported by the record and relied on attorney argument and unsworn fact statements as though they were evidence); *Mathis v. Spears,* 857 F.2d at 761 (appeal based on "record distortions, manufactured facts, and implausible and unsupportable legal arguments"); *Devices for Medicine, Inc. v. Boehl,* 822 F.2d 1062, 1068–69, 3 USPQ2d 1288, 1294 (Fed.Cir.1987) (appellant's "spurious and specious arguments and

its distortion and disregard of the record and opposing authorities" constitutes "a bad faith abuse of the judicial process"). Such appeals, though not necessarily frivolous as *filed*, are held to be frivolous as *argued*.[4]

■ We adjudge Finch's appeal to be frivolous as filed. As noted in the first section of this opinion, there are no less than three separate grounds on which the district court's judgment must be affirmed: (1) Finch did not oppose the dismissal and therefore waived his right to appeal, (2) the district court did not abuse its discretion in dismissing the complaint as duplicative, and (3) every claim of the dismissed complaint is barred by res judicata. Any one of these grounds would be sufficient to require affirmance; taken together, they present such an overwhelming obstacle to reversal that Finch's decision to file this appeal can only be seen as a frivolous waste of the resources of this court and of the time and money of his hapless opponent, Hughes. Thus, the filing of this appeal in itself merits sanctions.

■ An appeal that is frivolous as filed, in the sense that no non-frivolous arguments could be made to support it, logically must also be frivolous as argued, since any arguments made are, by definition, frivolous. This is certainly the case here: Finch has engaged in a pervasive pattern of misconduct on appeal which clearly makes his appeal frivolous as argued. A full analysis of every baseless or otherwise improper argument would unduly lengthen this opinion. Such an analysis is also unnecessary, since even the presence of a few non-frivolous arguments does not prevent the appeal as a whole from being frivolous. *In re Perry*, 918 F.2d at 934–35. But we shall discuss a few examples of Finch's arguments that are representative of the type of misconduct we consider sanctionable.

In the first place, Finch has made no attempt to address the overwhelming authority against his position, much less rebut that authority. Of the three bases on which the district court's judgment may be sustained, Finch in his opening brief completely ignores the first two.

Not until his reply brief does he address the most compelling ground of all for affirmance, his utter failure to oppose Hughes' motion to dismiss. His arguments on this point, moreover, are not responsive to the authority Hughes cites against his position. He notes, irrelevantly, that the trial court did not explicitly address his failure to oppose as a ground for the dismissal and that his arguments on appeal are not really "new" issues since the trial court's order discussed the question of res judicata. Reply Brief for Appellant at 1–2. The issue of waiver, however, turns on what *Finch* raised in the trial court, not on what the trial court discussed in its opinion. He further argues that "the rule against raising new issues on appeal does not apply in cases, as here, where the appeal involves plain errors of law," Reply Brief for Appellant at 2, and cites cases which stand for the proposition that in *exceptional* cases an appellate court *may*, at its discretion, consider fundamental issues of law not specifically raised or passed upon below. But the cases he cites involve changes of legal theory on appeal, not complete waiver by failure to oppose the motion that formed the basis of the trial court's ruling. In any case, Finch does not even attempt to provide any explanation for his failure to oppose Hughes' dismissal motion, much less apply the authority he cites to the facts of this case to articulate why his issues might be exceptional enough to justify appellate review.

Similarly, Finch waited until his reply brief to address the second ground for affirmance, the duplicative nature of his complaint. His one-page argument on this point is merely to the effect that this case was not one in which identical complaints were "pending," since the earlier cross-

---

4. In most appellate decisions, both types of frivolity actually seem to have been present. Thus, while the courts have explicitly discussed frivolous argument and condemned it as violating Rule 38, few courts seem to have based imposition of sanctions solely on this second type of frivolity.

claim had never been accepted for filing and only a motion for *leave* to file was pending. But Finch does not attempt to explain why such a distinction is relevant or show how the dismissal in the separate suit could be legally incorrect or otherwise an abuse of discretion.

The only ground for dismissal Finch challenges in his opening brief is res judicata, and on this point his arguments range from the irrelevant through the disingenuous to the deceitful.

Finch cites in his brief the trial court's assertion that Count I of his complaint is barred because it could have been filed in the earlier state action, arguing that the issue could not have been determined there because the state court would not have had jurisdiction over a claim for declaratory judgment of patent invalidity. Brief for Appellant at 8. But regardless of whether the *state* action has preclusive effect,[5] Hughes points out the obvious fact that the claim is indisputably barred because it could have been brought in the 1980 *federal* court action, Brief for Appellee at 18. Yet Finch does not retreat from his position or offer a new counterargument, continuing instead to argue, disingenuously, that the absence of preclusive effect as to the state action is dispositive. Reply Brief for Appellant at 6. Moreover, Finch compounds his frivolity by accusing Hughes of bad faith in *not* arguing on appeal, as the district court had stated, that Count I could have been litigated in state court. Reply Brief for Appellant at 20.

Finch attempts to distort the meaning of res judicata when he argues that though this doctrine requires a final judgment on the merits, here "[t]here is no judgment on the merits of Count I." Reply Brief at 12. Thus he insinuates that res judicata requires a final judgment on the merits of *every* claim to be precluded, ignoring the well-settled legal rule, carefully articulated by Hughes, Brief for Appellee at 18, that res judicata also bars claims which *could* have been litigated.

Finch further misleads and distorts with his contention that in his 1980 action the district court never made any "final order." Finch argues that because this court properly held that the district court's 1989 order denying leave to amend his answer to add a counterclaim was not a final and appealable order, "[i]t follows that the orders in CA JH–79–2236 and J–80–0055 [dismissing the 1980 cross-claim and complaint, respectively] involved in the Trial Court's *res judicata* ruling were not final." Brief for Appellant at 10. Finch thus misleadingly implies that whether the 19*89* order on his proffered cross-claim was final or not has some bearing on whether the dismissal of the 19*80* complaint was final. Such is obviously not the case. Moreover, the dismissal of the 1980 complaint *was* final because, as noted above, it disposed of all claims and was not appealed.

Similarly, though it is uncontested and uncontestable that each and every count of the 1980 complaint was dismissed, Finch argues that "the various orders in CA 80–0055 [the 1980 complaint] did not dispose of all the claims in that suit" because a counterclaim by Hughes against Finch was never disposed of. Reply Brief for Appellant at 8. But the disposition of Hughes' counterclaim is completely irrelevant to the application of res judicata on claims in Finch's complaint against Hughes: The court entered a final judgment on Finch's claims against Hughes, and it is that final judgment alone that forms the basis of claim preclusion under the doctrine of res judicata.[6] Also deceptive is Finch's argument

---

5. In at least some cases, a state court deciding a suit for breach of a license agreement may consider the issue of patent invalidity. *See Lear v. Adkins*, 395 U.S. 653, 675–76, 89 S.Ct. 1902, 1913–14, 23 L.Ed.2d 610 (1969) (remanding case to California state court for a ruling on the issue of patent invalidity). The effect of the Maryland state court action is irrelevant to our disposition of this appeal, and we intimate no view as

to whether Hughes' patent invalidity claim could have been adjudicated there.

6. Finch continued this frivolous line of argument when, after oral argument, he submitted (via his daughter) to this court a copy of an October 13, 1987 order of the district court consolidating *Hughes'* counterclaim in No. 80–0055 with *Hughes'* counterclaim to Finch's cross-claim in the Messerschmitt case, No. 79–

that "the motion and orders as to Counts I, II, III and V, were only for 'partial' summary judgment," Reply Brief for Appellant at 8, which falsely insinuates that several "partial" summary judgments can never constitute a "final" order.

Perhaps the most serious misconduct of all occurs in Finch's statements to the effect that Fed.R.Civ.P. 54(b) precludes treating the 1980 judgment as final. Finch states: "Rule 54(b) F.R.Civ.P., provides that in a case involving multiple claims, nothing is final until there is a *single* order disposing of all the claims." Reply Brief for Appellant at 9 (emphasis added). This statement is false. Rule 54 actually provides that where there are multiple claims, a court *may* enter a final judgment as to only *some* of the claims, as it did here. But Finch continues: "Rule 54(b), F.R. Civ.P. requires 'the entry of judgment adjudicating all of the claims', not a series of piecemeal interlocutory opinions and orders." *Id.* Though the quote from Rule 54 is accurate, the context is not: The language quoted from Rule 54 refers to what is to happen when a final judgment is *not* entered. Rule 54 does *not* require entry of a single judgment *order* adjudicating all the claims, and Finch's representations to this court to the contrary are a gross misstatement of the law. In fact, all the claims in Finch's 1980 complaint were disposed of by orders that became final, and the fact that the dispositions were not all contained in a single order is, of course, completely immaterial.

In sum, throughout the course of this appeal, Finch has failed to address the authority against his position, has made numerous irrelevant arguments and cited mostly inapplicable authority, and has seriously misrepresented the record below and the applicable law. Accordingly, we conclude that Finch's appeal was frivolous as argued.

We also note the frivolity of Finch's response to Hughes' charges of frivolity.

This court's "Practice Note" to Rule 38 states that "[a] party whose case has been challenged as frivolous is expected to respond to the challenge in the reply brief or to voluntarily request dismissal of the case." Yet in what must apparently be deemed a "response" in his Reply Brief to the sanctions request, Finch never really defends his actions. He devotes two pages to a lengthy and irrelevant block quote about the history of the patents at issue and the good character of the inventor, and then makes a series of vague and unsubstantiated allegations to the effect that this and other lawsuits have merit, and that Hughes has used procedural devices to unjustly prevent him from getting to trial. Not one word is offered in his reply brief in defense of his opening brief. Nor did he make a credible defense of the statements in his briefs or the basis of his appeal when explicitly invited to do so at oral argument before the court. Finch's failure to explain and defend his reasons for appealing and his post-filing conduct, even when asked to do so, further confirms our view that his frivolous appeal and misconduct before us merit sanctions.

■ Nor is a finding of frivolity precluded by the fact that Finch appealed pro se. While courts are particularly cautious about imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures, *e.g., Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986), this and other circuits have imposed sanctions in cases where even a non-lawyer should have been aware that his conduct was frivolous. *See Simmons v. Poppell,* 837 F.2d 1243, 1244 (5th Cir.1988) (appellant had been warned of frivolity by the district court); *Clark v. Green,* 814 F.2d 221, 223 (5th Cir.1987) (appellant warned by district court); *Zuger v. U.S.,* 834 F.2d 1009, 1010 (Fed.Cir.1987) (appellant was "a veteran 'tax protester'" who should have learned in his prior litiga-

---

2236. Finch's letter states that "[t]his interlocutory [sic] order shows that Civil Action 0055 has not become final." Aside from the fact that the finality of the *case,* as opposed to the finality of the *judgments* on Finch's claims in that case, is utterly irrelevant, the order itself directs that after consolidation, "Civil No. HM80–0055 be, and hereby is, *administratively closed and removed from the court's docket,*" a disposition of the action that is explicitly final.

tion that his position was without merit); *Triola v. Department of Transp., FAA,* 769 F.2d 760, 762 (Fed.Cir.1985) (appellant had been warned); *Wood v. McEwen,* 644 F.2d 797, 802 (9th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982) (appellant himself had asked for sanctions against appellees); *Ruderer v. Fines,* 614 F.2d 1128, 1133 (7th Cir.1980) (appellant's long course of prior litigation led court to conclude that "the appellant by this time is certainly not without some practical experience with the law.").

Here it is particularly obvious that Finch should be held accountable for his conduct: Mr. Finch is an attorney, as is his daughter who presented oral argument. Both are members of the bar of this court. Thus, they are chargeable with knowledge of their ethical duty of candor towards this court, and with responsibility for knowledge of our rules.[7] As noted above, we have taken Finch's pro se status, along with other circumstances, into account in deciding that, although his conduct justifies imposition of attorney fees, we shall sanction him only by imposing double costs.[8] But Finch signed the briefs himself, and the fact that he is litigating on his own behalf cannot diminish his obligation to litigate responsibly.

■ We note also that due process does not require any additional notice or opportunity to be heard prior to imposition of Rule 38 sanctions in a case such as this. Finch was put on notice that his conduct might be sanctionable by Hughes' request in its brief for sanctions, and he had ample opportunity to respond to this charge in his reply brief. At oral argument the court also warned his daughter to address the issue of frivolity, and she had a full opportunity to do so on his behalf. The fact that

he has chosen not to defend his conduct, and instead to multiply his sanctionable behavior with a frivolous reply brief, frivolous oral argument, and frivolous post-argument written submission of "additional authority," does not entitle him to yet another opportunity to respond. *See In re Perry,* 918 F.2d at 934 ("[A]ll of Perry's relevant conduct appears in the record, in Perry's briefs, and in Perry's oral argument. An oral hearing would thus not develop or illuminate new relevant factual issues and would not aid this court.") (citing *Hill v. Norfolk & Western Ry.,* 814 F.2d 1192, 1201 (7th Cir.1987)). Indeed, to require additional briefing or a hearing in cases such as this one "would impose on the opposing party and on the court an even greater burden in dealing with a frivolous appeal and entirely defeat the purpose of Rule 38." *Toepfer v. Department of Transp., FAA,* 792 F.2d 1102, 1103 (Fed. Cir.1986) (citing *Hyde v. Van Wormer,* 474 U.S. 992, 106 S.Ct. 403, 88 L.Ed.2d 355 (1985), in which the Supreme Court awards damages under its rule 49.2 without a hearing).

Pursuant to Fed.R.App.P. 38, we award to appellee Hughes double its costs.

## CONCLUSION

The judgment of the district court is affirmed. Finch is to pay Hughes double its costs.

## AFFIRMED—SANCTIONS IMPOSED

---

7. Indeed, Finch has litigated in this court previously. *See Messerschmitt–Bolkow–Blohm GmbH v. Hughes Aircraft Co., et al.,* 918 F.2d 185 (Fed.Cir.1990) (dismissing Finch's appeal of the denial of his motion for leave to amend).

8. This decision is based only on the facts of this particular case, and we intimate no view as to whether in some other case it might be appropriate to require a pro se litigant also to pay attorney fees.