991 F.2d 809
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas M. READ, Plaintiff-Appellant,
v.
UNITED STATES, Defendant-Appellee.
 No. 92-1550.
 United States Court of Appeals, Federal Circuit.
 March 8, 1993.
 
 D.Conn.
 AFFIRMED.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas M. Read appeals the July 7, 1992 decision of the United States District Court for the District of Connecticut, Civil No. 2:91CV00973, dismissing his complaint. We affirm the district court's dismissal of Mr. Read's action pursuant to Fed.Cir.R. 36. Moreover, because the appeal is both frivolous as filed and frivolous as argued, we award damages under Fed.R.App.P. 38, in the amount of $2,000.00 against Mr. Read. Finally, since Mr. Read persists in abusing the judicial process with repetitive filings without any arguable merit, the Clerk of this court is hereby instructed not to accept any further filings from Mr. Read without prior approval of the motions panel.
 
 DISCUSSION
 
 2
 It is a "fundamental precept of common-law adjudication [ ] that an issue once determined by a competent court is conclusive." Arizona v. California, 460 U.S. 605, 619 (1983). Therefore, under the principles of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).
 
 
 3
 In this case, Mr. Read presents the same arguments concerning the same facts before this court as he has already litigated to finality in previous actions, merely adding a Little Tucker Act claim, 28 U.S.C. § 1346(a)(2), and claims relating to several other statutes.[1] However, because the Little Tucker Act claim and claims under the other statutes "could have been raised in the [previous] action[s]," and because the operative facts are the same, Mr. Read's current action is the same as those previously litigated.
 
 
 4
 In one of the previous actions, the Second Circuit affirmed the dismissal of a similar action by the district court, Read v. Duck, No. H-89-655 (D.Conn. Sept. 11, 1990), cautioning Mr. Read that any future attempts to bring further actions may result in the imposition of sanctions. Read v. Duck, No. 90-6218 (2d Cir. Oct. 30, 1990). In a subsequent appeal of the same district court action, the Second Circuit granted appellee's motion to dismiss the appeal, holding that the arguments raised were completely without merit and imposing sanctions on Mr. Read for filing a frivolous appeal. Read v. Duck, No. 90-6332 (2d Cir. Feb. 6, 1991) (ordering Mr. Read to pay $1,000.00 in damages to appellee's counsel within 10 days).[2]
 
 
 5
 The instant appeal, involving the same facts and issues, is equally frivolous both as filed and as argued. An appeal is frivolous as filed if "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1579 (Fed.Cir.1991). An appeal is also frivolous as argued when a party is merely "rearguing frivolous positions for which sanctions had already been imposed." Id. (citing Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1052 (9th Cir.1985)). Mr. Read's appeal meets both tests. His refusal to heed the warnings of our sister circuit and his persistent filing of repetitive and meritless lawsuits warrant the imposition of sanctions in the present appeal. We therefore award damages under Fed.R.App.P. 38, in the amount of $2,000.00, which Mr. Read shall be personally liable to pay within 10 days.
 
 
 
 [1]
 Mr. Read also relies on the following statutes: the federal question, diversity and bankruptcy statutes, 28 U.S.C. §§ 1331, 1332 and 1334; the Federal Tort Claims Act ("FTCA"), 29 U.S.C. § 1346(b); and the federal statute providing jurisdiction for seizures not within admiralty and maritime jurisdiction, 28 U.S.C. § 1356. It is unclear from the record before the court whether Mr. Read previously asserted claims pursuant to these statutory provisions in his first district court action, Read v. Duck, Civil No. H-89-655 (D.Conn. Sept. 11, 1990), aff'd, No. 90-6218 (2d Cir. Oct. 30, 1990)
 
 
 [2]
 Mr. Read indicates, in his appeal brief, that he has not paid the damages to date