106 F.3d 427
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KEARNS, Plaintiff-Appellant,
v.
WOOD MOTORS, INC., Daimler-Benz Aktiengeselschaft, and Dr.
Ing. h.c.F. Porsche A.G., Defendants-Appellees.
 No. 96-1314.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1997.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 The sole question in this appeal is the propriety of an order of the United States District Court for the Eastern District of Michigan setting the amount the appellant Kearns is required to pay to the appellees as a sanction for Kearns' abuse of discovery, based on the reasonable attorneys' fees and expenses the appellees incurred in dealing with Kearns' discovery abuse. We affirm.
 
 I.
 
 2
 Kearns, a former Wayne State University Engineering Professor, holds seven patents relating to electronic intermittent windshield wipers used in automobiles. In other suits alleging infringement of the patents, Kearns has recovered substantial damages from Chrysler Corporation and Ford Motor Company. See Kearns v. Chrysler Corp., 32 F.3d 1541, 31 USPQ2d 1746 (Fed.Cir.1994) (describing that litigation and affirming award to Kearns of more than $18 million).
 
 
 3
 The present case has a complex and tortured procedural history. In 1978 Kearns filed suit against Wood Motors, Inc., Daimler Benz Aktiengeselschaft and Dr. Ing. h.c.F. Porsche A.G. (collectively "Wood") for infringement of some of these patents. Kearns v. Wood Motors, Inc., No. 78-70642 (E.D.Mich. Mar. 11, 1996). In connection with that suit Kearns' son, a licensed private detective, surreptitiously obtained from the defendants' counsel's law offices confidential documents of the defendants. Kearns refused to disclose how he or his son had obtained the documents, but it was later determined that Kearns' son had obtained them from a paralegal at the law firm after he had developed an intimate relationship with her. The son also apparently took some of the documents himself. Kearns attached these documents to his motion for summary judgment on the issue of infringement. In response to Wood's motion to enjoin use of the documents, on September 15, 1983, the district court barred dissemination of the documents and ordered Kearns to retrieve them from various persons to whom he had sent them. See Kearns v. Wood Motors, Inc., No. 78-70642 (E.D.Mich. Sept. 15, 1983).
 
 
 4
 Kearns then sought to obtain the documents through normal discovery. Wood responded that the documents were privileged. Kearns moved to compel production of 130 documents. In the interest of efficiency, and pursuant to Wood's statement that it could not support its claim of privilege for the 130 documents within the time frame scheduled, the court agreed to determine whether the two documents Kearns considered most important were privileged. On June 26, 1984, the court determined that work-product privilege covered both of those documents. See Kearns v. Wood Motors, Inc., No. 78-70642 (E.D.Mich. June 26, 1984).
 
 
 5
 Wood then moved to dismiss the case and/or for sanctions against Kearns for discovery improprieties, including his improper acquisition of the documents and his repeated refusal to explain how he had obtained them. After a lengthy evidentiary hearing, the court issued a Memorandum Opinion and Order Imposing Sanctions and Permitting Withdrawal of [Kearns'] counsel on February 3, 1987 ("the 1987 Memorandum Opinion"). See Kearns v. Ford Motor Co. (Wood Motors, Inc.), 114 F.R.D. 57, 2 USPQ2d 1321 (E.D.Mich.1987). After describing in detail the conduct of Kearns and his son, the court ruled that Kearns' son had acted wrongfully, that his actions were properly attributable to Kearns, and that their "conduct was a deliberate and studied strategic decision to circumvent the discovery process" by "willful and deliberate" "misconduct." Id. at 66, 2 USPQ2d at 1327-28. Relying on Fed.R.Civ.Proc. 37(b)(2), the court sanctioned Kearns, ordering him to pay Wood the costs, expenses and attorney fees incurred as a result of Kearns' acquisition and retention of the confidential documents. The court also ordered Kearns to pay $10,000 to the court for his "flagrant waste of judicial resources." Id. at 67, 2 USPQ2d at 1329.
 
 
 6
 The court permitted Kearns' counsel to withdraw because "the undisputed facts are replete with instances of disharmony and outright confrontation between Kearns, his son and counsel.... The record shows that on many occasions Kearns and his son have completely disregarded the advice of counsel and taken their own path." Id., 2 USPQ2d at 1329. The court urged Kearns to retain new counsel, explaining that "[g]iven the past problems plaintiff has had with law firms, he should begin now and proceed as expeditiously as possible in retaining new counsel. Waiting to seek out new counsel until the disposition of the sanctions matter would be highly imprudent." Id. at 68, 2 USPQ2d at 1329. Sometime thereafter, Kearns began to appear pro se.
 
 
 7
 Kearns appealed from that order, but this court dismissed the appeal because the order was not final since the amount Kearns was to pay to Wood had not been determined. See Kearns v. Ford Motor Co. (Wood Motors, Inc.), No. 87-1356 (Fed.Cir. July 16, 1987).
 
 
 8
 On October 29, 1987, the district court determined that Kearns was required to pay $123,791 in sanctions to Wood. The award did not include interest or indicate the time for payment. Kearns did not appeal from that order.
 
 
 9
 In August 1988, Wood moved pursuant to Fed.R.Civ.P. 37, to dismiss Kearns' infringement complaint because of Kearns' failure to comply with discovery orders or to make discovery. The motion also requested the court to order Kearns to pay Wood the sanctions imposed by the 1987 Memorandum Opinion. The district court referred the motion to a magistrate-judge, who recommended in a report that the sanction award be motion to a magistrate-judge, who recommended in a report that the sanction award be modified to add interest and to require payment within 30 days ("Report"). The Report reiterated the factual findings of the 1987 Memorandum Opinion.
 
 
 10
 Kearns timely objected to the Report, alleging that it (1) improperly modified the award of sanctions without adequate grounds, required payment within 30 days and required him to return the wrongfully-obtained documents; (2) contained incorrect factual findings; and (3) ordered Kearns to pay the sanctions before the motion to dismiss was decided. After a hearing on Kearns' objections to the Report, the court stayed action on the sanctions issue until the merits were decided.
 
 
 11
 The district court consolidated the present case with patent infringement actions Kearns had filed against other automobile manufacturers. At a hearing on Kearns' ability to handle the case himself, the court asked "Dr. Kearns, if I were to tell you that if you do not retain counsel within 30 days and give that counsel complete authority to manage the case as that counsel sees is appropriate the case will be dismissed, what would you say?" Kearns replied that he would "find it totally impossible to take any patent litigation attorney" and that he would "never hire them." Transcript of proceedings at 18-20, Kearns v. Toyota, No. 85-CV-70459-DT (E.D.Mich. January 26, 1994). On January 28, 1994, the court dismissed with prejudice all those cases, including the present one, for the following reasons:
 
 
 12
 The Court being satisfied that, after giving full consideration to the record in this case, as well as the records in the Chrysler and General Motors cases, the Special Master's report and the letters from counsel for defendants in in this case and also lacks the ability to adequately represent himself in the trial of this case, and plaintiff having categorically refused to retain counsel with authority to manage the case in a manner that would be appropriate, proper and prudent;
 
 
 13
 The Court having taken note of the manner in which plaintiff has responded to the discovery matters outstanding in this case and the manner in which he has responded at the January 26, 1995 hearing to Pretrial Order No. 10, as well as plaintiff's failure to act reasonably with regard to discovery matters, the confusion exhibited in his papers and in his oral presentations to the Court, his inability to focus, his inability to understand the rules of law, his failure to follow the Court's orders, his failure to comply with discovery orders, such that in the Court's view this case will never get to trial, and if it did, plaintiff would be unable to present a case; all of which prejudices defendants by subjecting them to inordinate expense in attempting to secure discovery, by depriving them of discovery to which they are entitled, and by making it impossible for them to prepare for trial.
 
 
 14
 Kearns v. Wood Motors, Inc., No. 78-70642, slip op. at 2 (E.D.Mich. January 28, 1994).
 
 
 15
 Kearns appealed from the dismissal of his complaint, but we held his appeal was untimely and dismissed it. See Kearns v. Toyota, 53 F.3d 345 (table), 1995 WL 74582 (Fed.Cir.), cert. denied, 116 S.Ct. 79 (1995).
 
 
 16
 On March 11, 1996 the district court issued its Order on Payment of Sanctions ("the Order"), from which Kearns appeals in this case. See Kearns v. Wood Motors, Inc., No. 78-70642 (E.D.Mich. Mar. 11, 1996). After referring to its February 3, 1987 order imposing sanctions against Kearns "because of an 'inexcusable' and 'deliberate and studied strategic decision to circumvent the discovery process' " and its October 29, 1987 order setting the sanctions at $123,791, the court increased that amount to $198,310.83 to reflect accrued interest plus interest of $25.13 per day from February 6, 1996 to the date of payment. The order stated that the sanctions "are properly payable" from the approximately ten million dollars on deposit in the court's registry "for the benefit of Dr. Kearns, from the proceeds of judgments in related cases" and "authorized and directed" the clerk of the court to make such payments to the defendants.
 
 
 17
 This court subsequently held that this order was appealable. See Kearns v. Wood Motors, Inc., No. 96-1314 (Fed.Cir. July 15, 1996).
 
 II.
 
 18
 A. Although Kearns is a well-educated and intelligent person, his pro se filings in this case unfortunately reflect an unfamiliarity with and an unawareness of some of the basic tenets and requirements of our federal judicial system. Among the principles that Kearns ignores or overlooks are that litigants must follow the prescribed time limits and procedures, and that once an issue has been finally determined, a litigant cannot relitigate it.
 
 
 19
 Most of Kearns' principal contentions violate these principles. Thus, although Kearns argues that the imposition of any sanctions was improper, that issue is foreclosed by the 1987 orders that (1) imposed sanctions and (2) fixed the amount. We dismissed Kearns' appeal from the first order as premature, and Kearns did not appeal from the second and final order. The question of the validity of the imposition of sanctions by those two orders therefore is no longer open.
 
 
 20
 Similarly, Kearns cannot now challenge the dismissal of his infringement complaint, because of his failure timely to appeal the dismissal order. Moreover, the question whether the remaining 128 documents, whose allegedly privileged status the district court did not determine, are privileged, is now moot in view of the dismissal of the complaint. This is because Kearns' claim to those documents related solely to his infringement suit, which is over. Furthermore, in view of the dismissal of his complaint, Kearns cannot now challenge the provisions in prior orders requiring him to return the documents to their rightful owners. Contrary to Kearns' apparent belief, the district court ordered the documents returned not because they were privileged, but because Kearns had obtained them improperly.
 
 
 21
 This court has noted the adverse effect Kearns' decision to proceed pro se has had on his ability to conduct his litigation. See, e.g., Kearns v. General Motors, Corp., 31 F.3d 1178 (table), 33 USPQ2d 1696, 1698 (Fed.Cir. July 26, 1994) ("There is a vast difference between a pro se plaintiff with a meritorious case unable to afford counsel and a pro se plaintiff with a meritorious case declining to employ counsel because of a misplaced lack of trust in lawyers or an inflated opinion notion [sic] of his ability to prosecute his own case. Here we certainly have the latter.") (citation omitted); Kearns v. Chrysler Corp., 32 F.3d 1541, 1551 n. 11, 31 USPQ2d 1746, 1753 (Fed.Cir.1994) ("The fact that Kearns has fired several of his attorneys and attempted to conduct massive multiple suits pro se may be relevant to his dilemma."). Kearns' problems have been largely of his own making. Although Kearns had the right to proceed pro se, he must bear the consequences of that decision.
 
 
 22
 B. Kearns' contentions on the only issues properly before us--relating to the March 11, 1996 order setting the amount of sanctions and directing the clerk to pay them to Wood out of the funds in Kearns' account in the court's registry--require little discussion.
 
 
 23
 Kearns argues, as he did in his district court objections to the recommended decision of the magistrate judge, that the order improperly modified the prior orders by increasing the amount of the sanctions to add interest and by requiring payment of the sanctions within 30 days. A judgment ordinarily carries interest to the date of payment and Kearns offers no reason, convincing or otherwise, why the sanction should not also include interest. Since the original order for sanctions did not specify a payment date, payment should have been made within a reasonable time after the order became final. When Kearns had not paid the sanctions after several months, the district court properly imposed a reasonable deadline for doing so.
 
 
 24
 Kearns also argues that the report of the magistrate judge, upon which the order was based, was factually erroneous. The Report largely repeated the district court's findings in the 1987 Memorandum Opinion, and the record supports the Report's findings.
 
 
 25
 C. In its brief Wood asks us to order Kearns (1) to return all copies of documents in his possession, custody or control relating to Wood, and (2) to file an affidavit stating that he has done so. These requests should be presented to the district court, which has adequate power to compel compliance with any orders it may issue.
 
 
 26
 Wood also asks us to hold Kearns in contempt for his failure to comply with this court's order of July 17, 1996, that required Kearns to return all copies of Wood Motors' privileged documents to counsel for Wood Motors. It is unclear from the record, however, which documents, if any, Kearns has in fact returned and whether all privileged documents have been returned. Accordingly, we deny Wood's request to hold Kearns in contempt.
 
 
 27
 Finally, Wood asks us to award it the attorney fees and expenses it incurred in defending against what it views as a frivolous appeal. For the reasons already stated, we agree with Wood that the appeal is frivolous. Although we hesitate to impose sanctions on pro se litigants, we nevertheless will do so "where even a non-lawyer should have been aware that his conduct was frivolous." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1582, 17 USPQ2d 1914, 1921 (Fed.Cir.1991). Kearns fits within that category. Accordingly, we shall issue an order for Kearns to show cause why Wood's reasonable costs and attorney fees incurred in defending against this frivolous appeal should not be assessed against him.
 
 CONCLUSION
 
 28
 The district court's Order on Payment of Sanctions of March 11, 1996 is
 
 
 29
 AFFIRMED.