# United States Court of Appeals for the Federal Circuit

04-1519

MICHAEL J. KENNY,

Plaintiff-Appellant,

v.

John W. Snow, SECRETARY OF THE TREASURY,

Defendant-Appellee,

and

UNITED STATES,

Defendant-Appellee.

Michael J. Kenny, of Scranton, Pennsylvania, pro se.

Barbara S. Williams, Attorney in Charge, International Trade Field Office, Civil Division, United States Department of Justice, Commercial Litigation Branch, of New York, New York, for defendants-appellees. With her on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director, Commercial Litigation Branch, Civil Division, of Washington, DC.

Appealed from: United States Court of International Trade

Judge Richard K. Eaton

# United States Court of Appeals for the Federal Circuit

04-1519

MICHAEL J. KENNY,

Plaintiff-Appellant,

v.

John W. Snow, SECRETARY OF THE TREASURY,

Defendant-Appellee,

and

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: March 18, 2005

_____

Before LOURIE, CLEVENGER, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Michael J. Kenny appeals from the decision of the United States Court of International Trade sustaining the denial of credit by the Secretary of the Treasury ("the Secretary") for a question on a licensing examination for customs brokers. Kenny v. Snow, No. 03-00011 (Ct. Int'l Trade June 7, 2004) ("Decision"). We affirm.

BACKGROUND

On the October 2001 Customs Broker Licensure Examination ("October 2001 Exam"), Kenny missed a passing score by a single incorrect answer. In appealing his

score to the United States Customs Service ("Customs"),[1] Kenny requested full credit for Question 32,[2] which pertains to classifications under the 2001 Harmonized Tariff Schedule of the United States ("HTSUS"), Chapter 22. Question 32 reads as follows:

> Water Street Fishhouses is importing a beer from Mexico to sell at their eating establishments in Texas. The beer is made from malt with an <u>alcoholic strength by volume</u> of 0.4 percent. It is shipped in 1 liter glass bottles. What is the correct classification of the beer?
>
> (A) 2202.90.9010 ["Waters . . . other nonalcoholic beverages . . . Nonalcoholic beer"]
> (B) 2203.00.0060 ["Beer made from malt in containers each holding not over 4 liters: Other"]
> (C) 2203.00.0030 ["Beer made from malt in containers each holding not over 4 liters: In glass containers"]
> (D) 2203.00.0090 ["Beer made from malt in containers each holding over 4 liters"]
> (E) 2202.90.9090 ["Waters . . . other nonalcoholic beverages . . . Other"]

October 2001 Exam, Question 32 (emphasis added); HTSUS headings 2202, 2203.

Kenny's answer was (C), while the official answer was (A). Insisting that the specificity of (C) made it the best answer, Kenny claimed that Question 32 was

---

[1]     Effective March 1, 2003, Customs was renamed the Bureau of Customs and Border Protection, and is now part of the Department of Homeland Security. <u>See</u> Homeland Security Act of 2002, Pub. L. No. 107-296 § 1502, 2002 U.S.C.C.A.N. (116 Stat. 2135, 2308); Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. No. 108-32, at 4 (2003). The relevant administrative appeal process for challenging examination scores is as follows:

> If an examinee fails to attain a passing grade on the examination . . . the examinee may challenge that result by filing a written appeal with [Customs] . . . . Customs will provide to the examinee written notice of the decision on the appeal. If the Customs decision on the appeal affirms the result of the examination, the examinee may request review of the decision on the appeal by writing to the Secretary of the Treasury . . . .

19 C.F.R. § 111.13(f) (2004).

[2]     Kenny had also sought credit for Question 19; however, Customs' denial of credit for that question was not subsequently appealed.

04-1519                                              2

ambiguous for failing to state the temperature at which the "alcoholic strength by volume" was measured, thereby rendering the "0.4 percent" figure inconclusive. Unpersuaded, Customs confirmed that (A) was the only correct answer, explaining that:

> Chapter 22 Note 3 states: for the purposes of heading 2202 the term "nonalcoholic beverages" means beverages of an alcoholic strength by volume not exceeding 0.5 percent vol. Alcoholic beverages are classified in heading 2203 . . . .

> Chapter 22 Note 2 states: for the purposes of this chapter . . . the "alcoholic strength by volume" shall be determined at a temperature of 20 degrees [Celsius]. The question does not contain a statement that the alcoholic strength by volume was determined at a temperature other than 20 degrees [Celsius].

> Therefore, the beer described in question #32 does not meet the terms of [answers B, C, and D] . . . . Answer E is incorrect because nonalcoholic beer is provided for under subheading 2202.90.9010.

Addendum to Br. of Appellee, at 4 (first emphasis in original, second emphasis added).

After Customs affirmed the result of the October 2001 Exam, Kenny petitioned the Secretary, see 19 C.F.R. § 111.13(f) (2004), who upheld the denial of credit, noting that Question 32 stipulated the "alcoholic strength by volume," which obviated the need to provide additional information about the temperature. Kenny thereafter sought reversal of the Secretary's decision in the Court of International Trade.[3] See 19 U.S.C. § 1641(e)(1) (2000). Concluding that the Secretary's findings were supported by substantial evidence, the Court of International Trade sustained the denial of credit.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

---

[3] Under 19 U.S.C. § 1641(e)(1), the Secretary's denial of a customs broker license is appealable exclusively to the Court of International Trade. 28 U.S.C. § 1581(g)(1) (2000). Although Kenny's request for relief is expressed as a desire to receive credit on an examination, we nevertheless treat it for jurisdictional purposes as a challenge to the denial of a license, as the denial of a license is a foregone conclusion for an unsuccessful examinee. See 19 C.F.R. § 111.11(a)(4) (2004).

DISCUSSION

Consistent with the broad powers vested in the Secretary for licensing customs brokers under 19 U.S.C. § 1641, the denial of a license can be overturned only if that decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 706 (2000). Among the lawful grounds for denying a license is the failure to pass the licensing examination. See 19 U.S.C. § 1641(b)(2) (2000) ("the Secretary may conduct an examination to determine the applicant's knowledge of customs and related laws"); 19 C.F.R. § 111.11(a)(4) (2004) ("to obtain a broker's license, an individual must have [attained] a passing (75 percent or higher) grade on a written examination"); 19 C.F.R. § 111.16(b)(2) (2004) ("grounds sufficient to justify denial of an application for a license include . . . the failure to meet any requirement set forth in [19 C.F.R.] § 111.11").

Underpinning a decision to deny a license arising from an applicant's failure to pass the licensing examination are factual determinations grounded in examination administration issues—such as, in the present case, the allowance of credit for answers other than the official answer—which are subject to limited judicial review because "[t]he findings of the Secretary as to the facts, if supported by substantial evidence, shall be conclusive." 19 U.S.C. § 1641(e)(3) (2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). On questions of substantial evidence, we review the decisions of the Court of International Trade "by stepping into [its] shoes . . . and duplicating its review." Taiwan Semiconductor Indus. Ass'n v. Micron Tech., Inc., 266 F.3d 1339, 1343 (Fed. Cir. 2001).

Our review of the record reveals no ambiguity in Question 32 surrounding the phrase "alcoholic strength by volume of 0.4 percent." Chapter 22, Note 2, which expressly states that "alcoholic strength by volume" shall be determined at 20 degrees Celsius, vitiates any claim of ambiguity arising from the absence of any mention of a temperature in Question 32. In view of the context provided by the Notes to Chapter 22, the "0.4 percent" figure dispositively specifies the alcoholic strength based on which the beer may be properly classified under heading 2202, and not 2203. Substantial evidence thus supports Customs' choice (A) as being the only correct answer to Question 32.

As aptly noted by the trial judge, Kenny "chose to ignore the stated facts of the question and now labors to find a justification for doing so." Decision, slip op. at 10. On appeal, Kenny's laboring continues, in vain, with the invocation of HTSUS General Rule of Interpretation No. 3, which, aside from being an argument that we decline to consider as it was not raised below, see Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1576-77 (Fed. Cir. 1991), is unnecessary for resolving an alleged ambiguity in Question 32 that becomes non-existent upon consultation of the Notes to Chapter 22.

We have considered the parties' other arguments and conclude that they are either unpersuasive or unnecessary for resolution of this appeal.

CONCLUSION

Because the Secretary's decision to deny credit is supported by substantial evidence, the decision of the Court of International Trade upholding it is

AFFIRMED.