NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM OSCAR HARRIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2014-5083

_____

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00824-LJB, Judge Lynn J. Bush.

_____

Decided: March 6, 2015

_____

WILLIAM OSCAR HARRIS, Terre Haute, IN, pro se.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

_____

PER CURIAM.

William O. Harris appeals a decision of the United States Court of Federal Claims ("Claims Court") dismissing his case for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

On July 2, 2004, a district court convicted Mr. Harris of conspiracy to produce and pass fraudulent money orders purporting to be issued by the United States government. He was also held in contempt for refusing to refrain from sending fraudulent and threatening documents to, *inter alia*, the judge in his criminal case.

On October 21, 2013, Mr. Harris filed a complaint in the Claims Court alleging he assigned to the United States Department of the Treasury ("Treasury") a "proper Invoice" in the sum of $405,388,872. The Invoice, he alleged, was a legally enforceable contract with a written arbitration provision.

This complaint was the third in a series of similar complaints. The prior two relied on the same types of false documents that led to his contempt and were dismissed by the Claims Court.

On November 14, 2013, the government moved to dismiss in this case. Mr. Harris responded to the motion to dismiss and filed a motion to stay the claim pending arbitration. The Claims Court denied the motion to stay. Mr. Harris appealed, but we dismissed the appeal because there was not yet a final decision pursuant to 28 U.S.C. § 1295(a)(3). We also rejected the contention that Mr. Harris could appeal under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(A), stating that "[t]here is no evidence that a contract containing an arbitration clause is at issue here." *Harris v. United States*, No. 2014-5044 (Fed. Cir. Apr. 23, 2014).

On April 16, 2014, the Claims Court granted the government's motion to dismiss on the ground that it had no subject matter jurisdiction because the complaint contained no non-frivolous allegation. Mr. Harris appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### DISCUSSION

Mr. Harris's argument seems to be that, because Mr. Harris unilaterally sent a document alleged to be an "Invoice" to the Treasury, a contract with an arbitration provision was established with the government.[1] We see no error in the Claims Court's conclusion that the relevant document is nothing more than an "unsubstantiated and apparently fabricated 'Invoice' . . . ." App. 7. There is again no sufficient allegation of an enforceable contract with an arbitration clause.

Nor did the government "admit," as Mr. Harris claims, that there was a legally enforceable contract with arbitration provisions by not responding to Mr. Harris's requests for admissions. The government responded to the requests by moving for a protective order. As a result, the Claims Court stayed discovery.

Frivolous appeals such as this one may be dismissed for lack of subject matter jurisdiction. *See Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss an appeal as frivolous when it "presents no arguably meritorious issue"). Pursuant to Rule 38 of the Federal Rules of Appel-

---

[1] The complaint alleged: "Plaintiff assigned to the Treasury a proper Invoice, a negotiable instrument, to setoff all federal obligations ow[ed]" and because "the Defendant has dishonored the money mandating requirement within this Assignment," the "Plaintiff is entitled to the . . . proceeds of the assigned proper Invoice . . . ." App. 14.

late Procedure, sanctions may be imposed for frivolous appeals, even if the litigant is pro se. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991). Any future such frivolous appeals from Mr. Harris may result in sanctions.

**AFFIRMED**