956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ONTARIO DIE COMPANY OF AMERICA and Martin Miller Ltd,
Plaintiffs-Appellees,
v.
INDEPENDENT DIE ASSOCIATION, INC., Billy R. Smith and Moses
Smith, Defendants-Appellants.
 No. 91-1287.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1992.
 
 Before RICH, MICHEL and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 This appeal is from the March 2, 1991, Final Order of the United States District Court for the Eastern District of Michigan, Southern Division, granting the motion for summary judgment of Ontario Die Company of America et al. and holding that patents No. 3,961,858 ('858 patent) and No. 4,002,092 ('092 patent) belonging to Independent Die Association, Inc., are not infringed. We affirm. Double costs are awarded to appellees.
 
 DISCUSSION
 
 2
 This declaratory judgment suit, brought by appellees, asked for a declaration of non-infringement or, alternatively, invalidity of appellants' patents. Appellants counterclaimed for contributory infringement of claim 11 of patent '858 and claim 1 of patent '092. After both parties had submitted affidavit evidence, plaintiffs moved for summary judgment and briefed and argued that motion before the district court, which granted the motion. This appeal followed after an aborted premature appeal due to lack of a final judgment, Appeal No. 90-1530, and entry of a final order.
 
 
 3
 This case was handled by the trial court as an ordinary patent infringement suit, no issue being raised about the appropriateness of a declaratory judgment action. Since the patentee alleging infringement is the defendant and the alleged infringer the plaintiff, to avoid the mental confusion this engenders we will refer to the parties by abbreviations of their names as follows: the patentee-defendants, Independent Die Association, Inc., et al., are called collectively IDA and plaintiffs-alleged infringers, Ontario Die Co., et al., are collectively Ontario. IDA is the patentee claiming that Ontario infringes.
 
 
 4
 IDA's initial or main brief on this appeal argues that claim 11 of the '858 patent and claim 1 of the '092 patent were literally infringed and, if not literally infringed, were infringed under the doctrine of equivalents. With respect to the latter, IDA argued that its claim raised genuine issues of material fact which made the grant of summary judgment improper.
 
 
 5
 IDA's Reply Brief abandons all issues on appeal except one,
 
 
 6
 whether a genuine issue of material fact has been raised on the record as to infringement of claim 11 of U.S. patent no. 3,961,858 under the doctrine of equivalents.
 
 
 7
 In other words, all claims of literal infringement are dropped as well as infringement of the '092 patent on any theory.
 
 
 8
 Our next inquiry, then, is: What is the alleged issue of material fact? Appellant IDA is very clear on this, stating it in its Reply Brief "Conclusion" thus:
 
 
 9
 Specifically, the issue of whether the shallow curve shaped primary cutting edge of the accused serrations functions in substantially the same manner to die cut material as a check mark shaped primary cutting edge serration to accomplish the result of reduced pressure cutting and die pad penetration of the invention. [Emphasis ours.]
 
 
 10
 As we read this incomplete sentence, it means that IDA contends it has the right to a trial (before a jury, it suggests) on the "way" or "manner" issue of the tripart test of equivalency set forth in Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 805 USPQ 328 (1950).
 
 
 11
 IDA is not entitled to a trial on this factual issue, as it has stated it, because it would be a futility. As we have shown above, IDA has reduced its infringement claim to infringement of claim 11 of the '858 patent under the doctrine of equivalents, dropping its original claim of literal infringement. Application of the doctrine of equivalents constitutes an extension of the patent protection beyond what the claims cover. If such an extension would encompass something in the prior art, it is foreclosed and whether it does is a question of law we review de novo. Wilson Sporting Goods Co. v. David Geoffrey & Associates, 904 F.2d 677, 683-84, 14 USPQ2d 1942, 1948 (Fed.Cir.) cert. denied, 111 S.Ct. 537 (1990). See also London v. Carson Pirie Scott & Co., 946 F.2d 1534, 20 USPQ2d 1456 (Fed.Cir.1991).
 
 
 12
 In the present case, IDA wishes to go to trial to convince the court that although claim 11 of patent '858 is admittedly not infringed, the patent should be held, by application of the doctrine of equivalents, to encompass Ontario's die rule having scalloped or what it terms "low profile symmetrical cutting edges." This it cannot be allowed to do because such die rule is clearly shown in the prior art Henc U.S. Patent No. 3,277,764 in Figs. 1, 2, and 3. While for a time IDA contended that Henc was not "formally" of record, its Reply brief expressly abandons that position. Henc is expressly referred to as prior art in the specification of the '858 patent in suit. The scalloped cutting edges clearly shown in three figures of the Henc drawings have low profiles almost identical with the profiles of the scallops of Ontario's rule, and, if not identical, then even slightly lower in profile than Ontario's. If IDA were to go to trial to prove infringement according to its theory, all it could accomplish would be to prove that its patent encompasses the prior art Henc structure, thus shooting down its own theory of infringement. Summary judgment was proper.
 
 COSTS
 
 13
 Ontario requests that we award it attorney fees and multiple costs under Rule 38 of the Federal Rules of Appellate Procedure, contending that IDA's appeal was "frivolous" under that rule. The rule reads:
 
 
 14
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 15
 As the "Practice Note" in this court's rules book states, we established the practice of enforcing this rule vigorously in Asberry v. United States Postal Service, 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982). For an exhaustive discussion of when an appeal is frivolous, see Finch v. Hughes Aircraft Co., 926 F.2d 1574, 17 USPQ2d 1914 (Fed.Cir.1991) (Double costs awarded to Hughes).
 
 
 16
 On the basis of the whole record and the briefs, we consider this appeal to be frivolous. IDA's counsel should have realized that in accordance with well established principles of patent law there was no possibility of extending the protection of the '858 patent under the doctrine of equivalents to cover Ontario's rule without at the same time making it cover the rule disclosed in the prior art Henc patent. The low profile primary cutting edges of Ontario's scalloped rules repeatedly described in IDA's briefs are, as stated above, substantially identical to Henc's cutting edges. The trial judge, after holding there was no literal infringement, after noting the existence in the prior art of the Henc patent, and after clearly stating the applicable law that "limitations in a claim cannot be given a range of equivalents so wide as to cause the claim to encompass anything in the prior art," clearly put IDA on notice of where it stood, legally. We are further moved to hold the appeal frivolous by IDA's behavior in initially appealing on the four points of literal infringement of two patents and infringement of both patents under the doctrine of equivalents and then withdrawing three of the four issues, the retained issue being without merit. We do not criticize withdrawing of issues, which is to be favored, but appealing on issues clearly without merit in the first place.
 
 
 17
 We therefore award double costs to appellee Ontario, but not its attorney fees.