976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JACK FROST LABORATORIES, INC., Appellant,
v.
JOHNSON & JOHNSON, Appellee,
 Nos. 91-1448, 76,359 and 76,360.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1992.
 
 Before MICHEL, PLAGER, and LOURIE, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Jack Frost Laboratories, Inc. (Jack Frost) appeals from a decision of the U.S. Patent and Trademark Office Trademark Trial and Appeal Board (Board) sustaining Johnson & Johnson's (J & J's) oppositions to Application Serial Nos. 576,681 and 576,682, and therefore refusing registration. Johnson & Johnson v. Jack Frost Laboratories, Inc., Opposition Nos. 76,359 and 76,360, slip op. (Sept. 27, 1990), reconsideration denied (Apr. 29, 1991).[1] The Board also denied Jack Frost's June 1, 1990 motion for resumption and suspension of the opposition proceedings. Id. Because the Board misconstrued our prior holding in this matter, Johnson & Johnson v. Jack Frost Laboratories, Inc., 14 USPQ2d 1076 (Fed.Cir. Mar. 6, 1990), we vacate and remand.
 
 DISCUSSION
 I.
 
 2
 In our March 6, 1990 decision, we determined that "[t]here are no genuine issues of material fact which would preclude summary judgment in this case." Id. at 1077 (emphasis added). But we reversed the Board's grant of summary judgment in favor of Jack Frost, the applicant, because we disagreed "that, as a matter of law, there is no likelihood of confusion" between the marks proposed for registration and J & J's registered mark. Id.
 
 
 3
 The Board on remand interpreted our opinion to require a determination of likelihood of confusion, thereby foreclosing further proceedings. As a result, the Board entered judgment in favor of the nonmovant and opposer in the oppositions, J & J.
 
 
 4
 Upon review of the record, we conclude that the Board misconstrued our holding in the prior appeal. By reversing the summary judgment in that case, we merely determined that Jack Frost was not entitled to judgment as a matter of law on the facts of that record. We also determined that J & J did not raise any genuine issues of material fact. But the holding says nothing about the quite different question of whether J & J in turn is entitled to judgment as a matter of law upon a full record or upon its own motion for summary judgment. Nor did we address Jack Frost's ability[2] to raise genuine issues of material fact when we view the available evidence in the light most favorable to Jack Frost, drawing all factual inferences in its favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion."). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986) (explaining that in order for a factual dispute to be genuine, the nonmoving party "need only present evidence from which a jury might return a verdict in [its] favor."). The Board was therefore not bound to conclude that a likelihood of confusion existed, and its belief to the contrary was prejudicial error to Jack Frost. Accordingly, we vacate the Board's decision sustaining J & J oppositions and remand for further proceedings.
 
 
 5
 All comments in our prior opinion must be interpreted in the context of Jack Frost's entitlement to summary judgment. For example, our conclusion "that the marks as proposed for registration are likely to cause confusion," 14 USPQ2d at 1077, only means Jack Frost has failed to establish as a matter of law an absence of likelihood of confusion. We did not express an opinion with respect to Jack Frost's probability of success on the merits on a full record. Similarly, we noted, "despite our ruling herein, Jack Frost may seek to amend its applications, or file anew, if it eliminates the controversy raised in these opposition proceedings." Id. (citation omitted). That is, notwithstanding Jack Frost was not entitled to summary judgment given the applications as they were, we left open the possibility that Jack Frost may obtain judgment as a matter of law if it modified its applications. In any event, we did not preclude Jack Frost from developing a more complete record to contest the likelihood of confusion issue. The Board's contrary interpretation of our prior holding is reversible error.
 
 II.
 
 6
 J & J requests sanctions against Jack Frost pursuant to Federal Rule of Appellate Procedure 38. However, Jack Frost has properly argued that the Board incorrectly construed our prior decision in this case. The appeal is therefore neither frivolous as filed nor as argued. See Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1578-79 (Fed.Cir.1991) (explaining that an appeal is frivolous as filed if "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue," and that an appeal is frivolous as argued if "the appellant's contentions in prosecuting the appeal are frivolous").
 
 
 7
 Moreover, the two instances of "questions of misrepresentation" that J & J points to are without basis. First, J & J alleges that Jack Frost failed to identify in its opening brief a related cancellation proceeding as required by Federal Circuit Rule 47.5.[3] Assuming it is related to this appeal, J & J admits that the Board's dismissal of the cancellation proceeding is now final. Brief for Appellee at 2, 4 n. 7. And it was final as of the filing date of Jack Frost's brief. See 37 C.F.R § 2.145(d)(1) (1991). Since Rule 47.5 contemplates pending actions, Jack Frost did not violate our Rules by not including that cancellation proceeding in its statement of related cases.
 
 
 8
 J & J also takes exception to Jack Frost's complaint that there has been no discovery in the instant case. "While this is technically true in the opposition proceedings," J & J contends, "it is certainly not true in the related Cancellation No. 14,974 proceeding." Brief for Appellee at 18. The argument is unpersuasive. That evidence may be available in a related proceeding is irrelevant to whether there is sufficient evidence in the record to support the Board's decision in this proceeding, or has been sufficient opportunity to develop the record.
 
 III.
 
 9
 During oral argument for the instant appeal, we suggested to the parties that "instead of having another battle of papers, if there was some way the two of you could agreeably tell us what a remand, a useful remand, would look like, that would facilitate" the final resolution of the case. Despite our encouragement of the parties to consult with one another and reach agreement on how an efficient remand might proceed, the parties submitted separate proposals for a remand order. The only common ground between the two proposals is that the opposition proceedings be consolidated with consolidated Cancellation No. 14,974[4] so as to streamline discovery. Accordingly, the Board upon remand shall consolidate Opposition Nos. 76,359 and 76,360 with Cancellation No. 14,974, but is otherwise free to determine how it will proceed while observing the interest in expedition.
 
 
 
 [1]
 The Board consolidated the opposition proceedings prior to our first decision in this case. Johnson & Johnson v. Jack Frost Laboratories, Inc., 14 USPQ2d 1076 (Fed.Cir. Mar. 6, 1990)
 
 
 [2]
 As J & J did not (and has yet to) make a motion for summary judgment, we would have had to determine in the prior appeal that Jack Frost could not raise a genuine issue of material fact. The determination would have been made although the evidentiary record on the factual factors underlying a determination of likelihood of confusion was limited. See In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA1973). Also, as there was no summary judgment motion by J & J, Jack Frost had no burden or opportunity to counter with evidence to raise a genuine issue. Affording this procedural right to a nonmovant is generally a prerequisite to granting summary judgment
 
 
 [3]
 Our Rule provides in pertinent part:
 Each principal brief shall contain a statement of related cases indicating ... the title and number of any case known to counsel to be pending in this or any other court that will directly affect or be directly affected by this court's decision in the pending appeal....
 Fed.Cir.R. 47.5 (emphasis added).
 
 
 [4]
 The Board had previously consolidated Cancellation Nos. 14,974 and 14,975 into Cancellation No. 14,974