**TECHNICOLOR VIDEOCASSETTE, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 94–43.**
**Court No. 90–08–00400.**

United States Court of International Trade.

March 10, 1994.

Leonard M. Fertman, Professional Corp. (Leonard M. Fertman), Los Angeles, CA, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen.; Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Nancy M. Frieden), Washington, DC, for defendant.

## OPINION

TSOUCALAS, Judge:

This action comes before the Court after trial *de novo* on October 26–27, 1993. Plaintiff, Technicolor Videocassette, Inc. ("Technicolor"), challenges the United States Customs Service's ("Customs") classification of plaintiff's V–0 Cassettes as "other articles of plastics" pursuant to the Harmonized Tariff Schedule of the United States ("HTSUS") 3926.90.90. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

### Background

V–0 Cassettes, the merchandise at issue, are empty video cassette housings imported by Technicolor. They are fully assembled but contain no magnetic tape ("media"). V–0 Cassettes are used solely and exclusively with video recording and/or playback machines using the video home system ("VHS") format, commonly known as video cassette recorders ("VCRs"). Trial Transcript ("T.T.") at 2.

V–0 Cassettes consist of a plastic shell, two plastic spools and a non-magnetic leader tape. Plaintiff's Exhibit 10 at 1. After importation, the V–0 Cassettes are sold to tape loading or duplicating firms which load blank or pre-recorded magnetic tape into the cassettes. *Id.* Once the media has been added, the resulting product becomes a VHS magnetic tape which may be used with a VCR, camcorder or for storage of computer data. *Defendant's Pretrial Memorandum of Law ("Defendant's Memorandum")* at 1–2.

Other than holding media, the V–0 Cassettes protect the media with a complicated set of doors and latches and engage gears in the VCR, so that after the cassette is inserted, it is positioned properly. T.T. at 62, 67. If the V–0 Cassette is defective in any way, the cassette or the media may become lodged in the VCR requiring repair by a professional; the media may become damaged and the display impaired; or the cassette may not operate altogether. *Id.* at 68–69. A VCR requires the V–0 Cassettes: a VCR may not function with reels and media alone. *Id.*

On December 12, 1988, Customs issued Headquarters Ruling 082889 which classified V–0 Cassettes as parts of video recorders. Plaintiff's Exhibit 10. On May 30, 1990, in Headquarters Ruling 086627, Customs reversed its position and held that V–0 Cassettes were properly classified as supports similar to "[b]obbins, spools, cops, cones, and reels." Plaintiff's Exhibit 11. As such, the V–0 Cassettes were deemed to fall within HTSUS subheading 3926.90.90 as "[o]ther articles of plastics." *Id.* Because the determination of whether a particular article fits within the meaning of a tariff term is one of fact, this Court may consider plaintiff's claim that a V–0 Cassette is more than a bobbin, spool, reel, or cone and, if appropriate, reject Customs' classification. *See Hasbro Indus., Inc. v. United States,* 879 F.2d 838, 840 (Fed.Cir.1989).

Plaintiff timely filed protests of Customs' classifications pursuant to 19 U.S.C. §§ 1514, 1515 (1988), which were denied, and this action ensued.

Customs classified the merchandise at issue pursuant to the following HTSUS heading:

| 3926 | Other articles of plastics and articles of other materials of headings 3901 to 3914: |
| 3926.90 | Other: |
| 3926.90.90 | Other........................ 5.3% |

Plaintiff contends that Customs' classification is incorrect and believes the merchandise should be classified under the following HTSUS heading:

| 8522 | Parts and accessories of apparatus of headings 8519 to 8521: |
| 8522.90 | Other: |
| 8522.90.90 | Other..................... 3.9% |
| 8522.90.9080 | Other.................... [3.9%] |

## Discussion

### Classification of the V–0 Cassettes

■ The Court notes that, pursuant to 28 U.S.C. § 2639(a)(1) (1988), tariff classifications made by Customs are presumed correct and the burden of proof is upon the party challenging the classification to prove that Customs' classification is incorrect. *See, e.g., Nippon Kogaku (USA), Inc. v. United States*, 69 CCPA 89, 92, 673 F.2d 380, 382 (1982). To determine whether the party challenging Customs' classification has overcome the statutory presumption of correctness, this Court must consider whether "the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed.Cir. 1984).

■ The meaning of a tariff term is a question of law to be decided by the court, whereas the determination of whether a particular article fits within that meaning is a question of fact. *Hasbro*, 879 F.2d at 840. When a tariff term is not clearly defined in either the HTSUS or its legislative history, the correct meaning of the term is generally resolved by ascertaining its common and commercial meaning. *W.Y. Moberly, Inc. v. United States*, 924 F.2d 232, 235 (Fed.Cir. 1991). In order to determine the common meaning of a tariff term, the court may rely on its own understanding of the term, as well as consult dictionaries, lexicons and scientific

authorities. *Brookside Veneers, Ltd. v. United States*, 847 F.2d 786, 788 (Fed.Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988).

Plaintiff argues that, because the V–0 Cassette provides the tape transport mechanism for unrecorded or prerecorded magnetic tapes to be used in VCRs, it should accordingly be dutiable as a part and accessory of a VCR pursuant to HTSUS subheading 8522.-90.9080. T.T. at 2, 81. Plaintiff asserts that the V–0 Cassette is an essential part of the video cassette recording process, and a part and accessory which makes the VCR work. T.T. at 81, 119.

Defendant argues that the V–0 Cassette is classifiable under HTSUS subheading 3926.-90.90, which refers to "other articles of plastics." Defendant states that the merchandise is not a part and accessory of a VCR and is specifically excluded from HTSUS item 8522 ("Parts and accessories") by Section Note 1(c) to HTSUS Section XVI (excluding "[b]obbins, spools, cops, cones, cores, reels or similar supports"). *Defendant's Memorandum* at 4–9.

This Court must determine, therefore, whether the V–0 Cassette may be termed a part and accessory of a VCR.

This Court finds that there is no clearly stated Congressional intent as to the meaning of the tariff term part and accessory. Therefore, this Court must construe the tariff term according to its current common and commercial meaning. To do so, this Court has consulted various lexicons, dictionaries and other reliable information sources for the common and commercial meaning of the term part and accessory. *Brookside Veneers*, 847 F.2d at 788.

An "accessory" is defined as "[a] part, subassembly, or assembly that contributes to the effectiveness of a piece of equipment without changing its basic function...." *McGraw–Hill Dictionary of Scientific and Technical Terms* 12 (4th ed. 1989); *McGraw–Hill Dictionary of Engineering* 5 (1984). These same two sources define "part" as "[an] element of a subassembly, not normally useful by itself...." *Dictionary of Scientific and Technical Terms* at 1374;

*Dictionary of Engineering* at 416. In layman's terms, "accessory" is defined as "aiding or contributing in a secondary or subordinate way," *Webster's Third New International Dictionary, Unabridged* 11 (1981), and "part" as "an essential portion or integral element of something," *id.* at 1645.

Thus, plaintiff's burden consists of demonstrating that the V–0 Cassette is an integral component of the VCR, without which the VCR could not operate in its intended capacity.

The Court finds that plaintiff has adequately overcome the presumption of correctness attached to Customs' classification of the subject merchandise under HTSUS subheading 3926.90.90 and holds that V–0 Cassettes are properly classifiable under HTSUS subheading 8522.90.9080 as parts and accessories of VCRs.

Plaintiff has demonstrated that the V–0 Cassette is a complex device with approximately twenty distinct components. Plaintiff's Exhibit 4, 5; *see* T.T. at 20–49. Certain of these components are highly specialized and must operate precisely as designed or the VCR will not function. T.T. at 40–41, 129–30. The door itself, for example, pushes against the internal mechanisms of the VCR and alerts the VCR that a tape has been inserted, so that the VCR may engage the cassette transport mechanism. *Id.* at 40–41. *See also id.* at 280–81 (without reference points on cassette shell, transport mechanism will not engage). The V–0 cassette also contains a "window" which allows light to enter the cassette and signal the clear leader tape that the media is nearing the end. *Id.* at 155–56. Without this "window," light would not pass into the cassette, thereby hampering the function of the VCR. *Id.*

In sum, it would not be possible to operate the VCR as intended simply with media but no cassette in which to house it. T.T. at 77–78. If the V–0 Cassette is defective in some way and media is inserted into that cassette, the VCR will not function properly and may become damaged. *Id.* at 67–69. *See also id.* at 198 (without a cassette there can be no tape). In order to operate the VCR in its intended fashion with media and reels, but no cassette shell, the VCR itself would have to be redesigned. *Id.* at 77. Defendant's expert witness agreed that, without the V–0 Cassette housing, the VCR could not perform its function. T.T. at 281; *see also id.* at 156, 198, 280.

In light of these findings, defendant's contention that the V–0 Cassette is nothing more than "spools, reels and similar supports" under Section Note 1(c) to HTSUS Section XVI is without merit. Defendant's Memorandum at 8. This Court, therefore, finds that V–0 Cassettes serve a critical role in the operation of VCRs and as such are parts and accessories in both the common and commercial meanings of the word.

*Conclusion*

For the foregoing reasons, this Court finds that plaintiff has overcome the presumption of correctness attached to Customs' classification of the subject merchandise under subheading 3926.90.90 of the HTSUS and has demonstrated that V–0 Cassettes are properly classifiable under subheading 8522.90.9080 of the HTSUS. Customs is hereby ordered to reliquidate the subject merchandise under subheading 8522.90.9080 and to refund all excess duties with interest as provided by law.