47 F.3d 1183
 16 ITRD 2423
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TECHNICOLOR VIDEOCASSETTE, INC., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 94-1300.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1995.
 
 CIT, 846 F.Supp. 1005.
 VACATED AND REMANDED.
 Before ARCHER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 The United States appeals from a judgment of the United States Court of International Trade, Technicolor Videocassette, Inc. v. United States, 846 F.Supp. 1005, --- Fed.Cir. (T) ---- (Ct.Int'l Trade 1994), which overturned the United States Customs Service's classification of empty video cassette housings imported by Technicolor Videocassette, Incorporated (Technicolor). Because the Government raises an important argument in this appeal that was not considered below and because there was no serious objection to this argument by Technicolor, we vacate the judgment of the Court of International Trade and remand this case for further consideration.
 
 
 2
 Technicolor's action before the Court of International Trade challenged the Customs Service's classification of the imported V-O Cassettes as "[o]ther articles of plastics," under subheading 3926.90.90 of the Harmonized Tariff Schedules of the United States (HTSUS). The Court of International Trade determined that the Customs Service had erred and ordered the V-O Cassettes to be classified as "parts and accessories" of video cassette recorders (VCRs) under subheading 8522.90.9080 of the HTSUS. The Court of International Trade's decision focused primarily on whether a V-O Cassette could be classified as a "part" or "accessory" of a VCR in light of the commercial and common meanings of the terms "part" and "accessory." The Court of International Trade also rejected the Government's contention that the V-O Cassettes were "[b]obbins, spools, cops, cones, cores, reels or similar supports," and thus, under Section Note 1(c) of Section XVI, excluded from classification within Section XVI of the tariff schedule.
 
 
 3
 On appeal to this court, the Government's primary argument is the so-called "part-of-a-part" argument. The Government asserts that complete video cassettes (i.e., those that include magnetic tape) are excluded from the tariff category of "parts and accessories" of VCRs since such cassettes are explicitly provided for in specific provisions of the tariff schedule (headings 8523 and 8524). If complete cassettes cannot be classified as parts or accessories of VCRs, the Government argues that parts or accessories of those complete cassettes (i.e., the V-O Cassettes, which do not contain magnetic tape) cannot be classified as parts or accessories of VCRs. The Government cites Clipper Belt Lacer Co. v. United States, 923 F.2d 835, 837-38, 9 Fed.Cir. (T) 55, 57-59 (Fed.Cir.1991), and United States v. American Express Co., 29 CCPA 87 (1941).
 
 
 4
 The whole of this argument was not raised before the Court of International Trade. Although this court ordinarily does not consider issues raised for the first time on appeal, see Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1576-77, 17 USPQ2d 1914, 1916 (Fed.Cir.1991); Border Brokerage Co. v. United States, 646 F.2d 539, 543 (CCPA1981), Technicolor did not object when the Government raised the "part-of-a-part" issue in its briefs to this court. Therefore, we hold that this argument is still viable. However, because of the Court of International Trade's expertise in analyzing the tariff schedule, it would be prudent to remand this case to that court in order for it to consider the "part-of-a-part" argument in the first instance. Cf. International Union v. Brock, 783 F.2d 237, 251 (D.C.Cir.1986) (legal issue not evaluated by lower court remanded for further briefing and arguments).