896 F. Supp. 120

TECHNICOLOR VIDEOCASSETTE, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90–08–00400

(Dated July 17, 1995)

*Leonard M. Fertman, Professional Corporation (Leonard M. Fertman)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United

---

States Department of Justice *(Saul Davis,* Senior Trial Counsel, and *Nancy M. Frieden);* of counsel: *Laura R. Siegel,* Office of Assistant Chief Counsel, United States Customs Service, for defendant.

## OPINION

TSOUCALAS, *Judge:* This case was remanded by the United States Court of Appeals for the Federal Circuit for this Court to consider the "part-of-a-part" argument which was raised for the first time on appeal by the defendant. *Technicolor Videocassette, Inc. v. United States ("Technicolor II"),* No. 94–1300 (Fed. Cir. January 23, 1995).

Plaintiff's action before this Court challenged the United States Customs Service's ("Customs") classification of imported V-O cassettes, empty video cassette housings, as "other articles of plastics," under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 3926.90.90.

After a trial *de novo* on October 26–27, 1993, this Court held that plaintiff had overcome the presumption of correctness attached to Customs' classification of the subject merchandise and had demonstrated that V-O cassettes are properly classifiable under HTSUS subheading 8522.90.9080. *Technicolor Videocassette, Inc. v. United States ("Technicolor I"),* 18 CIT 181, 846 F. Supp. 1005 (1994).

This Court's decision focused primarily on whether a V-O cassette could be classified as a "part" or "accessory" of a VCR in light of the commercial and common meanings of the terms "part" and "accessory." This Court rejected the Government's contention that the V-O cassettes were "bobbins, spools, cops, cones, cores, reels or similar supports," and thus, under Section Note 1(c) to HTSUS Section XVI, excluded from classification within Section XVI of the tariff schedule. *Id.*

Thereafter, the defendant took an appeal from this Court's decision. On appeal the Government's primary argument was the so-called "part-of-a-part" argument. On January 23, 1995, the Court of Appeals for the Federal Circuit rendered its opinion remanding this matter to this Court for consideration of the part-of-a-part argument which the defendant argued for the first time before the Court of Appeals. *Technicolor II,* No. 94–1300 (Fed. Cir. Jan. 23, 1995).

## DISCUSSION

The Court notes that, pursuant to 28 U.S.C. § 2639(a)(1) (1988), tariff classifications made by Customs are presumed correct and the burden of proof is upon the party challenging the classification to prove that Customs' classification is incorrect. *See, e.g., Nippon Kogaku (USA), Inc. v. United States,* 69 CCPA 89, 92, 673 F.2d 380, 382 (1982). To determine whether the party challenging Customs' classification has overcome the statutory presumption of correctness, this Court must consider whether "the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States,* 733 F.2d 873, 878 (Fed. Cir. 1984).

Defendant argues that in their imported condition, the empty video cassette housings are no more than parts of complete video cassettes and serve no other purpose than to be loaded with blank or pre-recorded tape. Therefore, the housings cannot be classifiable as parts or accessories of VCRs, as they become part of the media, the complete video cassette, before they can ever be used in a VCR. If they were not considered parts of the complete media, defendant asserts, the housings could never be classified as parts of VCRs, as they cannot be used with the VCRs until after they have been loaded with the tape and become complete media. *Defendant's Brief in Reply to Plaintiff's Memorandum of Law on Remand ("Defendant's Brief")* at 6–10.

Defendant contends the empty video cassette housings are parts of parts: they are parts of the complete video cassette. According to the defendant, they are the element or essential portion of the complete cassette. Defendant claims the completely loaded cassette is media and, therefore, the imported empty housings are clearly parts of media. *Id.* at 9–10.

Defendant asserts that complete video cassettes (cassette housings loaded with magnetic tape) are excluded from the tariff category of "parts and accessories" of VCRs since such cassettes are explicitly provided for in specific provisions of the tariff schedule (HTSUS headings 8523 and 8524) as media and are excluded from classification as a part or accessory of a VCR pursuant to Chapter Note 6 to Chapter 85. If complete cassettes cannot be classified as parts or accessories of VCRs, defendant argues, nor can parts or accessories of those complete cassettes (empty cassette housings) be classified as parts or accessories of VCRs. For support, defendant cites *Clipper Belt Lacer Co., Inc. v. United States,* 923 F.2d 835 (Fed. Cir. 1991), where the Federal Circuit found that belt fasteners could not be classified as parts of belt conveyors because the belt fasteners could only become parts of belt conveyors after they became parts of belting. *Defendant's Brief* at 10–23.

Plaintiff argues that the empty video cassettes whose classification is at issue must be classified based upon their condition as imported. In their condition as imported, they are not "media" or "parts of media" under either party's position—the defendant's that the empty cassettes are properly classified as "other articles of plastic" under subheading 3926.90.90 or the plaintiff's that the correct classification is subheading 8522.90.9080. Plaintiff rebuts defendant's "part-of-a-part" argument by contending that a V-O cassette is not part of media. Plaintiff suggests it is a separate article of commerce which is combined with media after importation. *Plaintiff's Technicolor Videocassette, Inc. Memorandum of Law on Remand ("Plaintiff's Brief")* at 1–7, 11–13.

Chapter Note 6 to Chapter 85 of the HTSUS provides:

> 6. Records, tapes and other media of heading 8523 or 8524 remain classified in those headings, whether or not they are entered with the apparatus for which they are intended.

The defendant argues that it is clear that Congress intended that media be treated separately and distinctly from either the articles which use the media, or parts and accessories of those articles. This intent is pervasive throughout the HTSUS—the media is invariably treated separately and distinctly from either the parts or the complete article, whether the parts or accessories are within the same heading as the complete article, or they are provided for in a separate heading from the complete article. *Defendant's Brief* at 12.

This Court agrees with defendant that media is treated separately from articles which use the media and from parts and accessories of those articles, but finds, however, that the empty video cassette is not media. *See* Chapter Note 6 to HTSUS Chapter 85. In *Technicolor I,* this Court found that plaintiff had demonstrated that the V-O cassette is a complex device with approximately twenty distinct components. The door itself, for example, pushes against the internal mechanisms of the VCR and alerts the VCR that a tape has been inserted, so that the VCR may engage the cassette transport mechanism (without reference points on the cassette shell, transport mechanism will not engage). The V-O cassette also contains a "window" which allows light to enter the cassette and signal the clear leader tape that the media is nearing the end. Without this "window," light would not pass into the cassette, thereby hampering the function of the VCR. *Technicolor I,* 18 CIT 181, 846 F. Supp 1005.

It would not be possible to operate the VCR as intended simply with media but no cassette in which to house it. If the V-O cassette is defective in some way and media is inserted into the cassette, the VCR will not function properly and may become damaged. In order to operate the VCR in its intended fashion with media and reels, but no cassette shell, the VCR itself would have to be redesigned. Defendant's expert witness agreed that, without the V-O cassette housing, the VCR would not perform its function. *Id.* Accordingly, this Court again reaches the conclusion that the empty V-O cassette is a part or accessory of the VCR and finds that the cassette is distinct from media (the magnetic tape). *Id.* at 184, 846 F. Supp. at 1008.

Defendant maintains that the decisions in *Clipper Belt,* 923 F.2d 835, and *American Express Co. v. United States,* 29 CCPA 87 (1941) set the basic legal principles that govern the propriety of Technicolor's claimed classification, as parts or accessories of VCRs, and the Government's classification as articles of plastic. *Defendant's Brief* at 12–23. The defendant's reliance on these cases is misplaced. In *Clipper Belt,* the fasteners were used to connect lengths of belting and the fasteners became parts of the belt—they did not interact with the belt conveyers on which the belt was placed. In the case at bar, however, the V-O cassettes are not part of media, but directly interact with the VCR and are necessary for the VCR to function. This Court has found that the V-O cassettes are integral and constituent parts vital to the functioning of VCRs, a finding left undisturbed by the Federal Circuit in *Technicolor II.*

Finally, this Court finds that Chapter Note 6 to Chapter 85 does not apply here. Magnetic tape is media. The empty cassettes as imported are separate from media. The empty cassette is a distinct commercial article which is joined with media (magnetic tape) to form a composite good, which, taken as a whole, may be considered media. In the case of a cassette loaded with tape, the loaded tape is classified as media because it is the tape (media) which provides the "essential character" of the composite video cassette as a whole, pursuant to General Rule of Interpretation 3(b). This Court emphasizes, however, that this is not the situation at hand. The imported empty video cassette housings alone are not media or parts of media. The cassettes are therefore not subject to the direction of Chapter Note 6 and are properly classifiable as "parts and accessories" pursuant to HTSUS subheading 8522.90.9080.

## CONCLUSION

Having considered defendant's "part-of-a-part" argument in accordance with the remand instructions of the Federal Circuit in *Technicolor Videocassette, Inc. v. United States,* No. 94–1300 (Fed. Cir. January 23, 1995) and having found said argument to be without merit, this Court finds that V-O cassettes are properly classifiable under subheading 8522.90.9080 of the HTSUS. Customs is hereby ordered to reliquidate the subject merchandise under subheading 8522.90.9080 and to refund all excess duties with interest as provided by law.