NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**TODD C. BANK,**
*Appellant*

**v.**

**AL JOHNSON'S SWEDISH RESTAURANT & BUTIK, INC.,**
*Appellee*

---

2019-1880

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92069777.

---

Decided: December 9, 2019

---

TODD C. BANK, Kew Gardens, NY, pro se.

KATRINA HULL, Markery Law LLC, Gaithersburg, MD, for appellee. Also represented by JACQUELINE PATT.

---

Before WALLACH, CLEVENGER, and HUGHES, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant Todd C. Bank appeals the opinion of the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") granting Appellee Al Johnson's Swedish Restaurant & Butik, Inc.'s ("Swedish Restaurant") motion to dismiss Mr. Bank's petition to cancel registration of the Swedish Restaurant's trade dress that "consists of goats on [a] grass roof,"[1] bearing the Registration Number 2,007,624 ("Goats on the Roof Registration"), under Federal Rule of Civil Procedure 12(b)(6). *Bank v. Al Johnson's Swedish Restaurant & Butik, Inc.*, No. 92069777 (T.T.A.B. Mar. 27, 2019) (A.A. 2–16);[2] *see* A.A. 14–16 (Petition to Cancel).[3]  For the limited purpose of determining whether Mr. Bank has standing to bring his claim, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) (2012).

## DISCUSSION

### I. Standard of Review and Legal Standard

"Standing is a question of law that this court reviews de novo." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1376 (Fed. Cir. 2012).  While a plaintiff must show a "case or controversy" between parties to establish standing before a federal court, "[t]he 'case' and

---

[1]    "[T]rade dress constitutes a 'symbol' or 'device' for purposes of the" Lanham Act that may be registered as a trademark." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000); *see* 15 U.S.C. § 1127 (2012).

[2]    "A.A." refers to the Appellant's Appendix attached to its Principal Brief.

[3]    Following the issuance of its opinion on March 27, 2019, the TTAB granted Mr. Bank twenty days to amend his Petition to Cancel.  A.A. 1 (Order Denying the Petition to Cancel).  Because Mr. Bank did not amend within the allotted twenty days, on May 2, 2019, the TTAB denied the Petition to Cancel with prejudice.  A.A. 1.

'controversy' restrictions do not . . . apply to matters before [an] administrative agenc[y,]" such as the TTAB. *Id.* (citing *Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed. Cir. 1999)). Instead, standing before an administrative agency is conferred by statute. Here, "[a] petition to cancel a registration of a mark" may be filed "by any person who believes that he [or she] is or will be damaged . . . by the registration of a mark[.]" 15 U.S.C. § 1064. "[C]ancellation is most often premised on the grounds listed in [15 U.S.C. § 1052.]" *Young v. AGB Corp.*, 152 F.3d 1377, 1380 (Fed. Cir. 1998). "The party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration." *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000) (citing 15 U.S.C. § 1064).

To successfully establish standing in a trademark opposition prosecution, the opposer must plead and prove facts showing that he or she has "a real interest in the proceedings and [has] a reasonable basis for his [or her] belief of damage." *Ritchie*, 170 F.3d at 1095 (internal quotation marks omitted). Typically, standing is not a demanding requirement. Regarding the real interest requirement, "an opposer must have a legitimate personal interest in the opposition." *Coach Servs.,* 668 F.3d at 1376 (internal quotation marks and citation omitted). Regarding the second inquiry, an "opposer's belief of damage must have a reasonable basis in fact." *Id.* (internal quotation marks and citation omitted). "[T]here is no requirement that damage be proved in order to establish standing[.]" *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984).

## II. Mr. Bank Lacks Standing to Petition to Cancel a Registration Because He Failed to Plead a Real Interest and Reasonable Basis for His Belief of Damage

The TTAB concluded that Mr. Bank lacked standing to bring the appeal and granted the Swedish Restaurant's

Motion to Dismiss. A.A. 8. Specifically, the TTAB explained that, as "the only grounds for cancellation is the claim of functionality . . . [Mr. Bank] must adequately plead his standing to assert a claim of functionality." A.A. 7 (emphasis omitted).[4] The TTAB determined that Mr. Bank did not sufficiently allege standing for a number of reasons. First, the TTAB stated that Mr. Bank failed to "plead[] that he has a present or prospective right or interest in [the Swedish Restaurant's] involved mark or any other facts sufficient to allege his standing." A.A. 8. Second, it explained that Mr. Bank's "pleading of standing is vague and does not relate specifically to the involved service mark." A.A. 8. Finally, the TTAB concluded that the petition "d[id] not allege that [Mr. Bank] ha[d] a reasonable belief of harm." A.A. 8. Mr. Bank contends that the TTAB

---

[4] Under the Lanham Act, "[n]o trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it . . . comprises any matter that, as a whole, *is functional*." 15 U.S.C. § 1052(e)(5) (emphasis added). Moreover, a petition to cancel registration is permitted on the grounds of functionality. *Id.* § 1064(3) (permitting petitions to cancel "[a]t any time if the registered mark . . . is functional"). To determine functionality, the following factors are reviewed:

> (1) the existence of a utility patent disclosing the utilitarian advantages of the design; (2) advertising materials in which the originator of the design touts the design's utilitarian advantages; (3) the availability to competitors of functionally equivalent designs; and (4) facts indicating that the design results in a comparatively simple or cheap method of manufacturing the product.

*Valu Eng'g, Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1274 (Fed. Cir. 2002).

incorrectly interpreted the standing requirements for a petition to cancel a registration by conflating the standing and merits requirements, Appellant's Br. 4, and by incorrectly finding standing limited to competitors of a mark holder, *id.* at 9. We disagree with Mr. Bank.

Mr. Bank failed to plead "a real interest in the proceedings" and "a reasonable basis" for his belief of damage. *Ritchie*, 170 F.3d at 1095 (internal quotation marks and citation omitted). Mr. Bank sought to cancel the Goats on the Roof Registration as functional, alleging that the trade dress "is demeaning to" goats, which, in turn, "is offensive to [Mr.] Bank and denigrates the value he [and others] place[] on the respect, dignity, and worth of animals." A.A. 15. As an initial matter, the sole standing argument that Mr. Bank raised before the TTAB, A.A. 6–8, and recites on appeal, Appellant's Br. 9, is that the Swedish Restaurant's trade dress was disparaging to himself as it "is demeaning to" goats, A.A. 15. Yet as Mr. Bank conceded before the TTAB, the Supreme Court's decision in *Matal v. Tam*, 137 S. Ct. 1744, 1764 (2017), foreclosed his argument, as it held unconstitutional the prohibition on the registration of disparaging marks under the Lanham Act. A.A. 31–32 (explaining that, following the issuance of *Tam*, Mr. Bank "acknowledge[d] that disparagement [wa]s no longer a cognizable claim under the [Lanham] Act"). In *Tam*, the Court held as unconstitutional 15 U.S.C. § 1052(a) of the Lanham Act, concluding that its prohibition on disparaging marks was invalid under the First Amendment protection of speech. *See Tam*, 137 S. Ct. at 1765. To the extent that Mr. Bank relies upon disparagement either as the grounds for his petition or, as discussed below, to establish his standing, the argument is without merit after *Tam*.

In any event, Mr. Bank provided no grounds for standing. First, Mr. Bank failed to plead a real interest in the cancellation proceedings. *See Ritchie*, 170 F.3d at 1095. To make such a pleading, an "opposer must have a direct and personal stake in the outcome of the opposition." *Id.*; *see*

*Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 1275 (Fed. Cir. 2014) (explaining that a real interest may be shown by a "legitimate commercial interest," such as a rejection of a competitor's proposed mark). Mr. Bank failed to provide any reason other than to allege that the Goats on the Roof Registration is "demeaning to goats" and that the "respect, dignity, and worth of animals" were affected by that alleged demeaning. *See generally* A.A. 15. For the reasons discussed above, the disparagement clause of the Lanham Act is stricken as unconstitutional. *See Tam*,137 S. Ct. at 1765; *see also Iancu v. Brunetti*, 139 S. Ct. 2294, 2299 (2019) (holding the Lanham Act's bar on the registration of "immoral" or "scandalous" trademarks in violation of the First Amendment). Mr. Bank provided no other basis to suggest he maintained a direct and personal stake in the outcome and so we conclude that Mr. Bank failed to plead to a real interest.

Second, Mr. Bank failed to plead "a reasonable basis for his belief of damage." *Ritchie*, 170 F.3d at 1095. While Mr. Bank asserted that the trade dress "is offensive to numerous persons," including himself, because it was demeaning to goats, he failed to articulate how this reason survives *Tam*. *See generally* Appellant's Br. 3–10. While Mr. Bank is not required to prove his case at the pleading stage, he must provide allegations sufficient to show his assertion of damage. *See Ritchie*, 170 F.3d at 1098 (explaining that "[f]or standing purposes, the facts asserted by an opposer need not prove his case on the merits," but "the reasonableness of an opposer's basis for his belief of damage" must be shown). Mr. Bank did not do so here. Accordingly, the TTAB properly determined that Mr. Bank lacked standing.

On appeal, Mr. Bank raises several counterarguments, all of which are unavailing. First, Mr. Bank contends that the TTAB erred in granting the Swedish Restaurant's Motion to Dismiss by "misunderstanding [the] basic standing doctrine" with the merits of his claim when the TTAB

stated that "an individual's personal offense to a mark is [not] sufficient to plead standing to assert a claim of functionality." Appellant's Br. 4 (quoting A.A. 7) (emphasis altered). The TTAB's opinion itself belies such an argument. The TTAB first analyzed standing as a threshold matter and concluded that it was not alleged in the petition. A.A. 8. In doing so, the TTAB explained that Mr. Bank had conceded that *Tam* prevented the use of disparagement as a ground for his opposition petition. A.A. 6–7. The TTAB subsequently addressed Mr. Bank's claim of functionality and determined the pleadings also provided no standing. A.A. 7. The TTAB did not conflate the two requirements and instead reviewed Mr. Bank's petition in total to see if standing was sufficiently alleged. *See Ritchie*, 170 F.3d at 1095.

Second, Mr. Bank argues that the TTAB improperly limited standing to a mark holder's competitors. Appellant's Br. 7. He is incorrect. Instead, the TTAB identified a variety of grounds which would provide standing. A.A. 5 ("In order to plead standing to challenge a registration based on a claim that the mark is functional, a plaintiff must plead that it is a competitor, that it is engaged in the manufacture or sale of the same or related goods, *or that it otherwise has a current or prospective right or interest in using the mark*." (emphasis added)). Moreover, the TTAB relied upon *Ritchie*, which itself provides for the proposition that standing is not limited to competitors. *See generally* A.A. 4–8. *See Ritchie*, 170 F.3d at 1096–97 ("In no case has this court ever held that one must have a specific commercial interest, not shared by the general public, in order to have standing as an opposer.").

Finally, Mr. Bank contests the TTAB's alleged conclusion that "the mark in question [must be] part of a class of marks to which the petitioner might also object." Appellant's Br. 9 (capitalization altered); *see* A.A. 8 (asserting that Mr. Bank's "pleading of standing is vague and does not relate specifically to the involved service mark"). To the

extent that Mr. Bank is challenging the statement as one which creates a "class of marks" requirement, such an interpretation strains the meaning of the cited portion of the TTAB's opinion.  Instead, when read in its entirety, the cited portion does not create a new requirement for a "class of marks" and is consistent with the remainder of the opinion in establishing Mr. Bank's failure to sufficiently allege his standing.  *See generally* A.A. 7.

Swedish Restaurant moves for its costs and attorney fees under Federal Rule of Appellate Procedure 38.  *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").  Swedish Restaurant explains that because Mr. Bank petitioned the TTAB three times on this matter, all of which were dismissed for lack of standing, and appealed the final decision to this court, where the case was "frivolous as filed and frivolous as argued[,]" damages are warranted.  Appellee's Mot. for Sanctions 6 (citing *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991)).  Mr. Bank responded with his own motion for sanctions, rebutting assertions made in Swedish Restaurant's motion and seeking excessive costs under 28 U.S.C. § 1927, which permits a court to order a party "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay attorney fees. *See generally* Appellant's Mot. for Sanctions.  *See also* 28 U.S.C. § 1927.  We conclude that this appeal and Mr. Bank's motion for sanctions are frivolous.  Mr. Bank filed multiple petitions with the TTAB regarding the Goats on the Roof Registration, all of which were dismissed for, inter alia, standing.  Mr. Bank was afforded the opportunity to revise his petition and remedy the standing defect, which he did not do.  Despite the fact that Mr. Bank was informed by the TTAB that his disparagement claim was based on an unconstitutional and stricken section of the Lanham Act, he raises it again

before this court. Based on these facts and our analysis, Mr. Bank's appeal is frivolous. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1583 (Fed. Cir. 1991) (concluding that the appellant's "decision to file this appeal can only be seen as a frivolous waste of the resources of this court and of the time and money of his hapless opponent" where there were multiple grounds to affirm the underlying opinion, each of which "would be sufficient to require affirmance"). Even though Mr. Bank appears pro se before us, he is an attorney and bears the commensurate obligations. *Id.* at 1583 (concluding that, even when an attorney appears pro se, he or she is "chargeable with knowledge of . . . our rules"). Accordingly, we grant Swedish Restaurant's motion for costs and attorney fees, including the costs and fees incurred in relation to the parties' sanctions motions, and deny Mr. Bank's motion for sanctions.

## CONCLUSION

Because Mr. Bank lacks standing, we do not have jurisdiction to review this appeal. Accordingly, Mr. Bank's appeal from the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board is

## DISMISSED

### COSTS

Costs and attorney fees to Swedish Restaurant.