NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DICHONDRA V. BOWDEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1671

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00752-RAH, Judge Richard A. Hertling

---

Decided: October 20, 2021

---

DICHONDRA V. BOWDEN, Moreno Valley, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., REGINALD T. BLADES, JR.

---

Before DYK, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Dichondra Bowden appeals a decision of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. *See Bowden v. United States*, No. 1:20-cv-752, 2021 WL 306464 (Fed. Cl. Jan. 29, 2021). Because Ms. Bowden's claims are outside the scope of the Court of Federal Claims' jurisdiction, we affirm the dismissal.

I

Ms. Bowden was employed by the Department of Veterans Affairs from July 12, 2005 until August 2, 2017, when she was terminated. Following her termination, Ms. Bowden did not receive her final paycheck. She submitted an inquiry with the Defense Finance and Accounting Service, which informed her that the money withheld from her final paycheck had been applied to debts she owed the VA and that this practice was customary when an employee with open debts left public service. Years later, on June 22, 2020, Ms. Bowden filed suit in the Court of Federal Claims seeking to recover the money withheld from her final paycheck and asserting that such withholding violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), as well as her due process and equal protection rights. She also requested attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Ms. Bowden then moved to amend her complaint on October 7, 2020, seeking to add three more claims against the government for violations of 5 U.S.C. § 5514 and California Labor Code § 1311.5 and for constructive termination under California law. The Court of Federal Claims denied the motion to amend, but it permitted Ms. Bowden an opportunity to renew the motion in part—"limited only to the [federal] claim under § 5514" since the remaining claims were founded on state law and therefore outside the jurisdiction of the Court of Federal Claims. Order Denying First Mot. to Amend at 2–3, *Bowden*, No. 20-cv-752, ECF

No. 19. The court counseled, however, that any renewed motion would need to identify the particular provision of § 5514 that the government allegedly violated, explain "how that provision is money-mandating," and "allege with specificity how the alleged violation of § 5514 caused the injury for which she seeks redress and that she is entitled to the money the VA collected as payment for her indebtedness." *Id.* at 3.

Ms. Bowden submitted a renewed motion to amend on November 23, 2020. There, she identified § 2704 of the California Labor Code as the money-mandating provision under which her § 5514 claim arose. Then, in her reply in support of the renewed motion to amend, Ms. Bowden requested once again to add three more claims—this time for violations of due process, civil rights conspiracy, and retaliation pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. That motion was denied since neither a § 5514 claim founded on state law nor a federal claim arising from the civil rights statutes falls within the trial court's limited jurisdiction. The Court of Federal Claims then concluded that the "initial complaint filed in June 2020 remain[ed] the controlling statement of [Ms. Bowden's] claims" and instructed the government to file its responsive pleading. Order Denying Second Mot. to Amend at 2, *Bowden*, No. 20-cv-752, ECF No. 24.

The government moved to dismiss the initial complaint and, on January 29, 2021, the Court of Federal Claims granted its motion. Finding that Ms. Bowden had not alleged a willful violation of the FLSA, the court applied the Act's two-year statute of limitations—as opposed to the Act's three-year statute of limitations for willful violations. It then determined that Ms. Bowden's FLSA claim was time-barred since her claim had accrued on August 5, 2017—the day her final earning and leave statement issued for the last pay period following her termination—and she had not commenced this action until June 22, 2020.

The Court of Federal Claims dismissed without prejudice Ms. Bowden's remaining claims—requesting attorney's fees and costs under 42 U.S.C. § 1988 and alleging due process and equal protection violations under the Fourteenth Amendment—for lack of subject matter jurisdiction under the Tucker Act.

On reconsideration, the court denied Ms. Bowden's request to add a new claim based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

Ms. Bowden timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

We review de novo a dismissal by the Court of Federal Claims for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). When a plaintiff appears pro se, we construe pleadings liberally and hold the plaintiff to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the leniency we extend to pro se litigants does not relieve them of jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal, Ms. Bowden does not appear to challenge the trial court's conclusion that the statute of limitations barred her FLSA claim, or its decision on reconsideration denying her request to add a FDCPA claim. But even if she did, we see no error in the trial court's conclusions.

Her appeal appears to challenge the court's dismissal of her due process and equal protection claims—though she does not explain why the trial court erred in dismissing

those claims for lack of jurisdiction.[1] In addition, Ms. Bowden suggests that the court should have granted her motion to amend the complaint to allege violations of 5 U.S.C. § 5514. She also asserts, for the first time on appeal, claims for breach of contract, constructive fraud, and negligent misrepresentation. None of Ms. Bowden's arguments, however, put forth a claim within the Court of Federal Claims' limited jurisdiction or establish any error in that court's decisions.

The Tucker Act provides the Court of Federal Claims with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. While the Tucker Act waives sovereign immunity by granting jurisdiction over certain claims, it "does not [itself] create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Rather, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). And "the absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Fisher*, 402 F.3d at 1173.

Here, the Court of Federal Claims correctly concluded that it lacked jurisdiction over Ms. Bowden's due process, equal protection, and § 5514 claims for lacking a money-mandating source. "The law is well settled" that the Due

---

[1]    Ms. Bowden filed a motion for oral argument or a memorandum in lieu of oral argument on September 14, 2016. We accept the document as a memorandum in lieu of oral argument and consider the arguments made therein.

Process and Equal Protection clauses of the Fourteenth Amendment "do not mandate the payment of money" and therefore do not provide causes of action under the Tucker Act. *Smith,* 709 F.3d at 1116. Similarly, Ms. Bowden has not identified which provision of § 5514 she contends the government violated, nor does she argue that any § 5514 provision is money-mandating. Indeed, her allegations center around the timing of and process by which the VA's debt collection occurred, and she does not appear to challenge the debts themselves. Thus, her allegations suggest a violation of the notice provisions in § 5514(a)(2), which are not money-mandating. *See Carroll v. United States*, 120 Fed. Cl. 267, 270 (2015) (explaining that the right to inspect and copy provision, set forth in 5 U.S.C. § 5514(a)(2), is not money-mandating); *Wilburn v. United States*, 103 Fed. Cl. 495, 499 (2011) ("The notice provisions of the Debt Collection Improvement Act are bereft of any indication that a payee subject to the Treasury Offset Program may obtain money damages from the government if the notice given the payee is deficient."). Therefore, the Court of Federal Claims does did not have jurisdiction.

Ms. Bowden's breach of contract, constructive fraud, and negligent misrepresentation allegations do not warrant a different result. Ms. Bowden did not present those allegations to the Court of Federal Claims, and she cannot raise the issues for the first time on appeal. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1576–77 (Fed. Cir. 1991).

## III

Because Ms. Bowden's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

**AFFIRMED**

COSTS

No costs.