**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MONSTER TECHNOLOGY GROUP,
LLC,

      Plaintiff - Appellant,

v.

GARRETT A. ELLER,

      Defendant - Appellee.

No. 21-6146
(D.C. No. 5:21-CV-00879-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.

_____

This matter is before the court on Appellant Monster Technology Group,

LLC's Motion to Dismiss Appeal on Grounds of Mootness and the Iowa Tribe of

Oklahoma's[1] Rule 38 Motion for Attorneys' Fees and Costs.  We grant both motions

as set forth herein.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Appellee Garrett Eller is party to this suit "in his official capacity" as a judge
for the Iowa Tribe of Oklahoma.  Aplt. App. at 8.  The Iowa Tribe, and not Eller, is
therefore the real party in interest.  *See McDonald v. Wise*, 769 F.3d 1202, 1215

## I. Background

Monster believes the Iowa Tribe breached a contract with it that concerned development of software for online gaming operations.  Monster therefore filed a petition for arbitration with the American Arbitration Association (AAA).

The Iowa Tribe contends the dispute must be adjudicated by its tribal court.  It therefore sought and obtained from the tribal district court a preliminary injunction preventing Monster from pursuing AAA arbitration.  Monster filed a notice of interlocutory appeal seeking to appeal the preliminary injunction to the Supreme Court of the Iowa Tribe of Oklahoma.

Before the Iowa Tribe Supreme Court ruled on the appeal, Monster filed a complaint for declaratory and injunctive relief against the tribal district judge, in his official capacity, in the Western District of Oklahoma.  Monster sought declarations that the tribal court lacked jurisdiction to entertain the claims brought by the Iowa Tribe against it, and that the question of whether Monster could force the Iowa Tribe to arbitrate must be decided by the AAA, and not the tribal court.  Monster also sought an injunction ordering the tribal judge to refrain from exercising jurisdiction over claims against Monster or from continuing to enjoin Monster's efforts to seek arbitration with the AAA.

---

(10th Cir. 2014) ("[O]fficial capacity suits are simply 'another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)).

The district court dismissed the complaint sua sponte.  It noted that under "[t]he tribal court exhaustion rule," "'as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies.'"  Aplt. App. at 68 (quoting *United States v. Tsosie*, 92 F.3d 1037, 1041 (10th Cir. 1996)).  And it concluded that "[i]f the Tribal Supreme Court upholds the lower court's determination that it has jurisdiction, [Monster] may challenge that ruling before this Court."  *Id.* at 70.  "But," the district court further concluded, "unless and until that happens, because the exhaustion of tribal court remedies is required before [Monster's] claims may be considered by a federal court, and because [Monster] has not exhausted its tribal court remedies, this case is hereby DISMISSED without prejudice."  *Id.*

Monster filed a motion for reconsideration, which the district court denied, and then Monster filed a notice of appeal.

While this appeal was pending, on February 18, 2022, the Iowa Tribe Supreme Court dismissed Monster's interlocutory appeal "for failure of the would-be Appellant to comply with the provisions of Iowa Tribe of Oklahoma Appellate Procedure."  Aplee. App. at 139.

Two days after the Iowa Tribe filed its response brief in this appeal, on March 16, 2022, Monster filed a new complaint in the Western District of Oklahoma that sought essentially the same relief as the complaint underlying this appeal.

3

Monster later filed its motion to dismiss this appeal, asserting its new district court case rendered this appeal of the district court's dismissal of its first case moot. The Iowa Tribe responded by arguing the new case did not render this appeal moot but stating that it did not oppose dismissal. The Iowa Tribe also filed a Federal Rule of Appellate Procedure 38 motion for attorneys' fees and double costs as a sanction for Monster's frivolous appeal and tactics in prosecuting the appeal. The Iowa Tribe asks that the sanction be imposed jointly and severally on Monster and its attorney.

## II.  The Motion to Dismiss this Appeal

Federal Rule of Appellate Procedure 42 governs voluntary dismissals and provides that "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b). "[I]t is within our discretion whether to accede to a litigant's request to terminate his appeal." *United States v. DeShazer*, 554 F.3d 1281, 1285 n.1 (10th Cir. 2009). Rule 42(b) "motions are generally granted, but may be denied in the interest of justice or fairness." *Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Env't Prot.*, 31 F.3d 18, 22 (1st Cir. 1994).

Monster argues its motion to dismiss should be granted because its new district court action renders this appeal prudentially moot. *See* Mot. to Dismiss at 3 ("In our view, the appeal has been rendered moot, in that . . . [']the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits.'" (quoting *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012)).

4

The Iowa Tribe responds by stating it "does not oppose dismissal in principle," but does "oppose both Monster's stated reason for dismissal and Monster's refusal to even attempt to resolve the allocation of attorneys' fees and costs."  Resp. to Mot. to Dismiss at 11; *see also id.* at 10 ("That is not to say the appeal should not be dismissed.  It should.  However, it should be dismissed on the proper grounds . . . .").  And the Iowa Tribe asked the court to "grant an award of attorneys' fees and double costs."  *Id.* at 11–12.

Because both parties want the appeal dismissed, and neither party asserts dismissal will undermine fundamental fairness or the interests of justice, we grant the motion to dismiss.

### III.  The Rule 38 Motion for Fees and Costs

Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Rule 38's phrase "just damages" includes "attorney's fees."  *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc).  Sanctions are imposed under Rule 38 "to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment."  *Burlington N. R.R. v. Woods*, 480 U.S. 1, 7 (1987).

"An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."  *Braley*, 832 F.2d at 1510 (internal quotation marks omitted).  As for the scope of a sanctions award, an appeal may be frivolous as filed or as argued.  *See id.* at 1513–14; *see also Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578–

5

79 (Fed. Cir. 1991). An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *Finch*, 926 F.2d at 1579. In a frivolous-as-argued appeal, "genuinely appealable issues *may* exist," but "the appellant's contentions in prosecuting the appeal are frivolous." *Id.*

In the Rule 38 motion, the Iowa Tribe argues the appeal is (1) frivolous as filed because the court lacks appellate jurisdiction to entertain it, and (2) frivolous as argued because Monster's arguments for reversal fail to grapple with binding precedent that supports the district court's order. The Iowa Tribe also complains about Monster's conduct on appeal in resisting the Iowa Tribe's motion for the court to take judicial notice of filings in the tribal court proceedings and in Monster's tactic of waiting until after the Iowa Tribe filed its response brief to file its second district court action and seek dismissal of this appeal.

### A. Appellate Jurisdiction

The Iowa Tribe argues this court clearly lacked jurisdiction under 28 U.S.C. § 1291 to entertain an appeal from the district court's order because the order dismissed Monster's action without prejudice, and therefore was not a final order. But our precedent demands further analysis:

> [T]hat a dismissal was without prejudice does not necessarily make it non-final under section 1291. Rather, in this circuit, whether an order of dismissal is appealable generally depends on whether the district court dismissed the *complaint* or the *action.* A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.

6

> Despite our use of this complaint/action terminology, we have long recognized that the requirement of finality imposed by section 1291 is to be given a practical rather than a technical construction. In evaluating finality, therefore, we look to the *substance* and *objective intent* of the district court's order, not just its terminology.

*Moya v. Schollenbarger*, 465 F.3d 444, 448–49 (10th Cir. 2006) (internal quotation marks and citations omitted).

The district court's order states that the "case" is dismissed, Aplt. App. at 70, and the court entered a separate judgment stating "the matter" is dismissed, *id.* at 71. Also, the court's denial of Monster's motion for reconsideration states the "action has been dismissed." *Id.* at 82. Based on these statements, there is a non-frivolous argument this court has appellate jurisdiction under § 1291. Not only that, but the Iowa Tribe fails to address Monster's contention that the court has jurisdiction under 28 U.S.C. § 1292(a), which provides jurisdiction over interlocutory appeals from orders refusing injunctions, among other things. We therefore do not agree with the Iowa Tribe that the appeal was frivolous as filed due to the absence of appellate jurisdiction.

## B. Merits of the Appeal

The Iowa Tribe also argues the court should impose Rule 38 sanctions because Monster's appeal is frivolous as argued. On this point, we agree.

This court has imposed sanctions where an appellant's "position [was] not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," and where the appellant made "no effort" "to distinguish existing case law, to bring about a reasoned extension or change in the law, or to point

7

out actual errors." *Casper v. Comm'r*, 805 F.2d 902, 905 (10th Cir. 1986), *overruled on other grounds by Wheeler v. Comm'r*, 521 F.3d 1289, 1291 n.1 (10th Cir. 2008).

Monster's argument section of its opening brief spans under two pages. *See* Aplt. Opening Br. at 12–13. It does not address the basis for the district court's order—namely, that principles of comity and the tribal court exhaustion doctrine require federal courts to refrain from exercising jurisdiction until the tribal court has had a full opportunity to consider its jurisdiction. To the extent Monster challenges the district court's dismissal order at all, it contends only that the Tenth Circuit should establish safeguards for tribal exhaustion dismissals that include requiring the defendant to respond and giving the plaintiff a chance to reply to this response. In making this argument, Monster cites a Sixth Circuit case, *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), *overruled by statute as stated in Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013), that established similar safeguards to be employed before dismissing a case sua sponte on the merits. But Monster does not address *United States v. Tsosie*, 92 F.3d 1037, 1039, 1041 (10th Cir. 1996), in which this court held district courts have "discretion to raise comity issues *sua sponte*" and affirmed the district court's dismissal of the action in that case under the tribal court exhaustion doctrine without imposing any procedural conditions precedent on the district court's dismissal. Nor does Monster explain why the procedural safeguards from *Tingler* should be applied to a non-merits dismissal, why the opportunity for a litigant to file a motion for reconsideration, like Monster did, does not suffice to protect plaintiffs from erroneous dismissals, or why the district court's failure

to impose Monster's suggested procedural safeguards harmed it given that the district court considered Monster's arguments in connection with the motion for reconsideration.

We conclude Monster's appeal was frivolous as argued and order Monster's attorney to pay the Iowa Tribe's reasonable attorneys' fees incurred in connection with this appeal. We deny the Iowa Tribe's request for costs as a sanction under Federal Rule of Appellate Procedure 38.[2]

### IV. Conclusion

We grant Monster's motion and dismiss this appeal. We grant the Iowa Tribe's motion for sanctions as set forth herein. We remand to the district court for the limited purpose of determining the amount of the monetary award. The pending motion for judicial notice is denied as moot.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

---

[2] This ruling has no bearing on any party's ability to seek costs under Federal Rule of Appellate Procedure 39.